## Case No. 12,132.

### RUMFORD CHEMICAL WORKS v. HECKER et al.

[11 Blatchf. 552; 1 Ban. & A. 120; 5 O. G. 644; 1 Am. Law T. Rep. (N. S.) 519.][1]

Circuit Court, S. D. New York. April 16, 1874.

PATENTS — SUITS IN SEVERAL COURTS — APPLICATION FOR INJUNCTION—WHEN TO BE MADE—ACCOUNT.

In a suit in equity, in this court, on letters patent, containing four claims against two defendants, J. and G., the plaintiff had a decree adjudging infringement of the fourth claim, and an account of profits, and an injunction. The accounting was proceeded with. One of the defendants, G., was called as a witness for the plaintiff. on the accounting, and objected to giving certain information asked. on the ground that the inquiry went beyond the scope of the claim infringed, until the defendants could apply to this court for instructions. The plaintiff then brought a suit in equity in New Jersey, on the same patent, against G. alone, claiming to recover in it, for the time covered by the suit in this court, damages for the infringement covered by the suit in this court, (such damages not being claimed in the bill in the suit in this court. it having been filed before the enactment of the 55th section of the act of July 8, 1870, (16 Stat. 206) and also profits and damages for the infringement of the patent after the date of the decree in the suit in this court. Proofs for final hearing were taken and closed in the suit in New Jersey. The plaintiff also brought suits for infringement in South Carolina and Georgia, against persons who had infringed only by selling articles bought by them from the defendants in the suit in this court. The taking of proofs for final hearing in the South Carolina suit had been closed. The defendants in the suit in this court then applied to this court, in the suit in this court, for an injunction restraining the plaintiff from further prosecuting the said other three suits, and from commencing other suits against purchasers from them, alleging that they had been called on to account, in the suit in this court, for the making and selling of the articles covered by the said other three suits: *Held*, that this court had no

1 [Reported by Hon. Samuel Blatchford, District Judge. reprinted in 1 Ban. & A. 120, and here republished by permission.]

power, in the suit in this court, to regulate the conduct of the plaintiff by injunction or stay or repression, except as regarded proceedings in this suit, and that the New Jersey suit might properly have been brought even in this court, and that, as to the New Jersey and South Carolina suits, the application, to be entertained at all, should have been made before the plaintiff took proofs for final hearing.

[Cited, but not followed, in Allis v. Stowell. 16 Fed. 788. Cited in Kelley v. Ypsilanti Dress-Stay Manuf'g Co., 44 Fed. 22; Strait v. National Harrow Co., 51 Fed. 820.]

[This was a bill in equity by the Rumford Chemical Works against John Hecker and George V. Hecker for the infringement of letters patent No. 14.722. granted to E. N. Hosford, April 22. 1856. reissued June 9. 1868, No. 2.979. Heard on application for an injunction to restrain plaintiffs from prosecuting other suits.]

William M. Evarts, for plaintiffs.
Charles F. Blake, for defendants.

BLATCHFORD, District Judge.   In this case, on the 20th of March, 1873. after final hearing on pleadings and proofs, a decree was made, adjudging the first three claims of the reissued letters patent granted to the plaintiffs, June 9th, 1868, on which the suit was brought, to be void, and the fourth claim thereof to be valid, and decreeing that the defendants had infringed said fourth claim, and should account to the plaintiffs for the profits in consequence of said infringement, and should be perpetually enjoined from infringing said fourth claim. [Case No. 12,135.]   The said reissued letters patent were granted for an "improvement in pulverulent acid for use in the preparation of soda powders, farinaceous food, and for other purposes." The four claims of the patent are as follows:  (1) "As a new manufacture, the above described pulverulent acid." (2) "The manufacture of the above described pulverulent phosphoric acid. so that it may be applied in the manner and for the purposes above described." (3) "The mixing, in the preparation of farinaceous food, with flour, of a powder or powders. such as described, consisting of ingredients of which phosphoric acid, or acid phosphates, and alkaline carbonates, are the active agents, for the purpose of liberating carbonic acid, as described, when subjected to moisture or heat, or both." (4) "The use of phosphoric acid or acid phosphates, when employed with alkaline carbonates, as a substitute for ferment or leaven, in the preparation of farinaceous food." The accounting ordered was entered upon, and in the course of it the defendant George V. Hecker was called as a witness on the part of the plaintiffs, before the master, and showed that. when the suit was commenced, the defendants were making and selling self-raising flour. in preparing which they used an acid called the "Lauer acid"; that, before the said decree was made, they discontinued the use of the Lauer acid; that. after they so discontinued using the Lauer acid,

they used, at times, in the preparation of self-raising flour, as a substitute for the Lauer acid, a substance which they made, and which was manufactured from bone black, muriatic acid and sulphuric acid. and, at other times, a substance purchased by them; that they used both down to the time he was testifying, in November, 1873; and that, during the same time, they used other acids, of which the principal one was tartaric acid.   He was then asked by the plaintiffs to cause to be prepared from the books of the defendants a statement showing, from the time they began to use the Lauer acid. which was in April or May, 1868, the amount of self-raising flour sold by the defendants. made by the use of the Lauer acid; and the amounts of such flour sold by them, made by the use of acids which they manufactured; and the amounts of such flour sold by them, made by the use of acids which they purchased.   The defendants objected to the giving of this information, on the ground that the accounting could only extend to the use of the flour in making bread by any of the defendants.   The master ruled that the statement must be prepared, but the witness declined to prepare it until the defendants could apply to the court for instructions in the premises.   Such application has not been brought to a hearing.   The only acid passed upon, on the question of infringement, before the decree was made, was the Lauer acid.   None of the acids used after the use of the Lauer acid was discontinued have as yet been passed upon in this suit or by this court, on the question of infringement.   The proceedings on such accounting have proceeded no further, and have not been concluded.

In September, 1873, the plaintiffs brought a suit in equity in the circuit court for the district of New Jersey, on the same patent, against the said George V. Hecker alone.   The bill in that suit sets out the bringing of this suit; that it was brought before the passage of the patent act of July 8th, 1870; and that the bill in it did not pray for a recovery or assessment of the damages sustained by the plaintiffs by the infringement of the patent by the defendants.   The bill in that suit then prays that the damages sustained by the plaintiffs, by the infringement of the patent by George V. Hecker, since the granting of the patent. may be assessed and adjudged to the plaintiffs.   It then sets out the making of the said decree in this suit, and avers that, since said decree was made, George V. Hecker has discontinued making, using and selling the acid which was made. used and sold by him at the time of the filing of the bill in this suit, and which was so made, used and sold by him prior to the entry of the said decree in this suit, and that he has substituted and uses a new, other and different pulverulent acid from that used by him at the commencement of this suit. and during its progress. and that such new acid is not embraced within said decree. and has not been adjudged by the court to be an infringement of the·

plaintiffs' rights under said patent, and is not properly subject to be accounted for in the accounting ordered by said decree, but forms the subject of a new, distinct and independent suit. It then avers, that, since the 20th of March. 1873, (the date of the decree in this suit,) George V. Hecker has infringed the patent by making, using and selling the pulverulent acid in infringement of the claims of the patent, and prays that he may account for and pay over to the plaintiffs the damages they have sustained by his unlawful acts prior to the 20th of March, 1873, and also the damages they have sustained by his wrongful acts since the 20th of March, 1873, and also his gains and profits by reason of such unlawful manufacture, use and sale since March 20th, 1873, of such pulverulent acid made in accordance with the claims of the patent. The answer of George V. Hecker, in the suit in New Jersey, admits that, after the making of the said decree, he ceased to manufacture and use acid prepared in the manner in which the acid which was the subject of the bill in this suit was prepared, and that he has since made and used an acid, but states that he is ignorant, and cannot answer, whether said acid is substantially the same as, or an equivalent for, the acid which was the subject of this suit, and avers that it would require a scientific research to enable him to answer touching the nature and character of said acid. This answer was sworn to on the 3d of December, 1873. The taking of proofs in the New Jersey suit was commenced on the 22d of January, 1874. It was continued by both parties during March, 1874, and has been concluded.

The plaintiffs have also brought a suit in equity on the same patent, since September, 1873, in the circuit court for the district of South Carolina, against Benjamin Feldmann and Robert Teskey. The bill therein avers the making, using and selling by them, since the granting of the patent, of pulverulent acid in infringement thereof, at Charleston. The answer denies that the defendants have made, used or sold any bread, or any self-raising flour, manufactured or prepared by them, and avers that all of the self-raising flour they have used or sold has been bought by them of the agents of John Hecker and George V. Hecker. The taking of proofs in the South Carolina suit was begun on the 17th of February, 1874, and was continued by both parties during March, 1874, and has been concluded.

A like suit in equity was brought by the plaintiffs in February, 1874, in the circuit court for the Southern district of Georgia, against Julius Koox. The bill therein avers the making, using and selling by him, since the granting of the patent, of pulverulent acid, in infringement thereof, at Savannah. That suit has been proceeded with no further.

The defendants in this suit now apply to the court therein, for an injunction restraining the plaintiffs from further prosecuting said suits in New Jersey, South Carolina and Georgia,

and from commencing other suits against purchasers of self-raising flour from the defendants in this suit. The application is based on the facts, that the self-raising flour sold by the defendants in the suits in South Carolina and Georgia, was made by the defendants in this suit, and sold by them to the defendants in the suits in South Carolina and Georgia; that the defendants in this suit have been called on to account in this suit, for the making and selling of the self-raising flour sold by them to the defendants in the suits in South Carolina and Georgia, and for the making and selling of the self-raising flour covered by the New Jersey suit; and that the proofs of infringement relied on in the evidence in the suits in New Jersey and South Carolina, are sales of self-raising flour in September, 1873, and November, 1873, respectively.

If this court were applied to, by the defendants in this suit, to stay the accounting under the decree therein, on the ground that the plaintiffs had, by inequitable conduct, debarred themselves from the right to proceed with such accounting, or to exclude certain matters from the accounting, on the ground that the plaintiffs had, by inequitable conduct, debarred themselves from the right to have such matters included in the accounting, the application would be recognized as one based on sound principles. The pursuit by the plaintiffs, in another suit, against George V. Hecker, of an accounting for the same things sought to be accounted for against him in this suit, might be ground for excluding such things, as respects him, from the accounting in this suit, unless the plaintiffs should elect to abandon such pursuit in the other suit. But it is difficult to see upon what recognized or sound principle this court has any jurisdiction or power or right, on the bill filed in this suit, to assume to regulate the conduct of the plaintiffs by injunction or stay or repression, except as regards the proceedings in this suit. The plaintiffs are a Rhode Island corporation. They have come into this court by bill, and submitted themselves to its jurisdiction, only so far as it may be necessary for this court to make orders to regulate the proceedings in this suit, and decrees giving or withholding the relief sought by the bill in this suit. To grant the injunction asked for, would be to turn the defendant into the plaintiff, and the plaintiff into the defendant, and to administer independent affirmative relief in favor of a party, without his coming into court as an actor, by bill or other pleading containing allegations capable of being put in issue by formal pleading or of being contested on proofs, and to do so on matters arising post litem motam.

Independently of these considerations, it may be remarked, that the New Jersey suit, on the allegations of the bill in it, sustained by those of the answer in it, is one which might very properly have been brought even in this court.

Moreover, the application, to be entertained

at all in respect to the New Jersey and South Carolina suits, should have been made before the plaintiffs had been put to the trouble and expense of taking their proofs for final hearing. The application is denied.

[For other cases involving this patent, see note to Rumford Chemical Works v. Lauer, Case No. 12,135.]