ASA R. SWIFT, The, (RUSSEL v.) See Case No. 12,144.

---

## Case No. 570.

ASBESTOS FELTING CO. v. UNITED STATES & F. S. FELTING CO.

[13 Blatchf. 453;[1] 2 Ban. & A. 369; 10 O. G. 828.]

Circuit Court, S. D. New York. July 11, 1876.

PATENTS FOR INVENTIONS — INTERFERENCE — ENJOINING SUITS FOR INFRINGEMENT — CANCELLATION OF JUNIOR PATENT.

1. A junior patent was issued after an interference had been declared by the patent office between the application for it and a senior patent, and a decision in favor of the subsequent applicant. The owner of the senior patent then filed a bill against the owner of the junior patent, alleging the conflict of the patents, and that the invention covered by the senior patent was prior in time, and that the defendant had brought suits for the infringement of his patent, and praying that the junior patent might be cancelled, and that, pendente lite, such suits on it might be enjoined. A preliminary injunction to that effect being applied for: *Held*, that it could not be granted.

[Cited in Kelley v. Ypsilanti Dress-Stay Manuf'g Co., 44 Fed. 22.]

2. The fact of the decision on the interference is sufficient ground for refusing the application.

[Cited in Kelley v. Ypsilanti Dress-Stay Manuf'g Co., 44 Fed. 22.]

3. The defendant ought not to be restrained from bringing suits on his patent, before that patent is adjudged to be invalid.

[Cited in Strait v. National Harrow Co., 51 Fed. 820.]

[Compare Birdsell v. Hagerstown Agr. Imp. Manuf'g Co., Case No. 1,437.]

[In equity. Bill by the Asbestos Felting Company, owners of a patent, against the United States & Foreign Salamander Felting Company, owners of a junior patent, for the cancellation of such junior patent, and for an injunction restraining the prosecution of suits on such patent. Injunction denied.]

Jonathan Marshall, for plaintiff.

George E. Betton, for defendant.

BLATCHFORD, District Judge. The plaintiffs, owners of a senior patent, allege, in their bill, that the defendants are owners of a junior patent, which was issued after an interference had been declared, and testi-

---

[1] [Reported by Hon. Samuel Blatchford, District Judge; reprinted in 2 Ban. & A. 369; and here republished by permission.]

mony had been taken, and the patent office had decided in favor of the subsequent applicant. The bill further alleges that the patents are in conflict; that the later patent was obtained through fraud, but in what manner is not set forth; and that the defendants have brought suits in Massachusetts for the infringement of their patent. It also alleges the priority in time of the invention covered by the senior patent, and prays that the junior patent may be cancelled, and that, until an adjudication in this suit, the defendants may be enjoined from bringing suits for the infringement of the junior patent. An application is now made for such injunction.

It ought, probably, to be a sufficient reason for denying this application, that the defendants' patent was granted after a full hearing before the patent office, on testimony taken in an interference declared between the application for such patent and the plaintiffs' patent. But, in addition to this, I have examined such testimony, and it shows plainly that the defendants' patent was properly granted, and that, as between it and the plaintiffs' patent, the latter cannot prevail.

Independently of the foregoing considerations, I am not aware of any principle which would authorize the court, in a suit of this character, to restrain a defendant from bringing suits on his patent, before that patent is adjudged to be invalid. The granting of the patent to the defendants confers the right to bring suits thereon for its infringement. Especially is this so as between the parties to this suit, in view of the interference and its result. There is no evidence to sustain the charge of fraud, even if the plaintiffs could be heard to make it. The application for an injunction is denied.