STRAIT *et al. v.* NATIONAL HARROW Co.

*(Circuit Court, N. D. New York. August 10, 1892.)*

PATENTS FOR INVENTIONS—ENJOINING SUITS FOR INFRINGEMENT—MONOPOLIES.

The fact that a corporation owning letters patent upon a particular kind of machinery has entered into a combination with other manufacturers thereof to secure a monopoly in its manufacture and sale, and to that end has acquired all the rights of other manufacturers for the exclusive sale and manufacture of such machines under patents, will not entitle a stranger to the combination to enjoin the corporation from bringing any suits for infringement against him or his customers.

In Equity. Suit by William Strait and others against the National Harrow Company for an injunction to restrain actions and suits for infringement of patents. On demurrer to the bill. Sustained.

*Frederick Collin,* for plaintiffs.
*Edward H. Risley,* for defendant.

WALLACE, Circuit Judge. This is a suit wherein the relief demanded is a permanent injunction to restrain the defendant from instituting or prosecuting any action in any court of law or equity against the plaintiffs for the infringement of any letters patent owned by the defendant covering improvements in spring-tooth harrows, or from instituting or prosecuting any such suits against any person using the spring-tooth harrows manufactured by the plaintiffs. The defendant has demurred to the complaint. In substance, the complaint shows that the defendant has entered into a combination with various other manufacturers of spring-tooth harrows for the purpose of acquiring a monopoly in this country in the manufacture and sale of the same, and, as an incident thereto, has acquired all the rights of the other manufacturers for the exclusive sale and manufacture of such harrows under patents, or interests in patents, owned by them respectively. Such a combination may

be an odious and wicked one, but the proposition that the plaintiffs, while infringing the rights vested in the defendant under letters patent of the United States, is entitled to stop the defendant from bringing or prosecuting any suit therefor because the defendant is an obnoxious corporation, and is seeking to perpetuate the monopoly which is conferred upon it by its title to the letters patent, is a novel one, and entirely unwarranted. The party having such a patent has a right to bring suit on it, not only against a manufacturer who infringes, but against dealers and users of, the patented article, if he believes the patent is being infringed; and the motive which prompts him to sue is not open to judicial inquiry, because, having a legal right to sue, it is immaterial whether his motives are good or bad, and he is not required to give his reasons for the attempt to assert his legal rights. "The exercise of the legal right cannot be affected by the motive which controls it." *Kiff* v. *Youmans,* 86 N. Y. 329.

The complaint alleges that the plaintiffs, and the other persons threatened with suit, do not infringe any of the patents of the defendant; but, as was said by Mr. Justice HUNT, in *Celluloid Manuf'g Co.* v. *Goodyear Dental Vulcanite Co.,* 13 Blatchf. 384:

"To allow the action is to reverse the proper position of the parties. Whoever receives letters patent from the United States received thereby a *prima facie* right to maintain an action against every infringer of the right given by such letters. While it is true that such right is *prima facie* only, and that the holder must be prepared to maintain it in the courts when attacked, it is still a right on his part to sue such alleged violators. The present action would convert the right to sue into a liability to be sued, which is quite a different thing.   *   *   *   The defendant has a right of action against each one of these individuals. It has the right to sue the whole of them. It has the right to sue any one of them, and to allow the others to go undisturbed. While it would not be a high-minded theory, I know of no principle that, as a matter of law, would prevent its seeking the feeblest of them all,—the one least able to defend himself,—and to make a victim of him. If that individual shall appear to have infringed upon this defendant's patents, he is liable to the damages, although he may be poor,—unable to defend himself,—although others may have offended in a greater degree, and although we may condemn the spirit which selected him as the particular defendant. On principle this cannot be doubted."

See, also, *Asbestos Felting Co.* v. *United States & F. Salamander Felting Co.,* 13 Blatchf. 453; *Tuttle* v. *Matthews,* 28 Fed. Rep. 98; *Kelley* v. *Manufacturing Co.,* 44 Fed. Rep. 19; *Chemical Works* v. *Hecker,* 11 Blatchf. 552.

If the defendant had brought suit against the plaintiffs for some breach of contract or violation of its alleged rights, founded upon the combination agreement, then it might become pertinent to inquire into the character of the combination, and ascertain whether the court would enforce any rights growing out of it. But in a suit brought for the infringement of a patent by the owner, any such inquiry, at the behest of the infringer, would be as impertinent as one in respect to the moral character or antecedents of the plaintiff in an ordinary suit for trespass upon his property. Even a gambler, or the keeper of a brothel, cannot be deprived of his property because he is an obnoxious person or a criminal; and it is no

defense to the trespass upon it, unless it was removed or destroyed in the suppression of a nuisance, that it was used in carrying on the unlawful occupation. *Ely* v. *Supervisors*, 36 N. Y. 297.

The demurrer is sustained.