### STAFFORD vs. BROWN & BROWN.

Exceptions to an answer for insufficiency can only be sustained where some material allegation, charge, or interrogatory in the bill is not fully answered.

Where the matter of the bill is fully answered, and the defendant sets up new matter which is irrelevant and forms no sufficient grounds of defence, the complainant may except to the answer for impertinence, but he cannot except to it for insufficiency.

On exceptions for insufficiency, the particular points or matters in the bill which remain unanswered, or which are imperfectly answered, should be stated in the exceptions.

Where the complainant wishes to obtain a discovery of facts to anticipate and rebut the defence which may be set up by the defendant, he should, in the charging part of the bill, state the anticipated defence as a pretence of the defendant, and then charge the real facts to lay a foundation for the discovery which is sought.

April 2.     THIS case came before the court upon exceptions to the master's report allowing certain exceptions to the defendants' answer.

*J. Lansing*, for the complainant.

*M. T. Reynolds*, for the defendants.

The Chancellor. The question which arises upon the five first exceptions allowed by the master is, whether there are any allegations or interrogatories in the complainant's bill to authorize him to call upon the defendants to answer the several matters of those exceptions. In the case of *Whitmarsh* v. *Morris & Campbell*, and in some other cases, none of which have been reported, this court decided that exceptions to an answer for insufficiency could not be sustained, unless there was some material allegation, charge or interrogatory contained in the bill which was not fully answered. That where new matter, not responsive to the bill, was stated in the answer, if such matter was wholly irrelevant and formed no sufficient ground of defence, the complainant might except to the answer for impertinence, or might raise the objection at the hearing. All the writers on the subject of equity pleading lay down the principle, distinctly, that exceptions for insufficiency are founded upon the supposition that some material allegation, charge or interrogatory in the complainant's bill is not fully answered. In Lord Redesdale's Treatise it is said, that if the complainant conceives an answer to be insufficient to the charges contained in the bill, he may take exceptions to it, stating such parts of the bill as he conceives are not answered, and praying that the defendant may in such respects put in a full answer to the bill. (*Mitf. Pl.*, 4 *Lond. ed.* 315.) Cooper says, the exceptions for insufficiency are to be in writing, stating the parts of the bill which the complainant alleges are not answered. (*Cooper's Pl.* 319.) Newland also says, that exceptions for insufficiency are allegations in writing, stating the particular points or matters in the bill which the defendant has not sufficiently answered. (1 *Newl. Pr.*, 3 *Lond. ed.* 259.) And Lube, in his analysis of the principles of equity pleading, says the exception must state the precise points in the bill unanswered, or which are imperfectly answered. (*Lube's Eq. Pl.* 87.) Although it may not be necessary in the exception to state the precise words of the allegation, charge or interrogatory in the bill which is not fully answered, yet the substance at least must be stated; so that by referring to the bill alone, in connection

with the exception, the court may see that the particular matters, as to which a further answer is sought, are stated in the bill, or that such an answer is called for by the interrogatories. (*See Hodgson* v. *Butterfield*, 2 *Sim. & Stu.* 236.) As the general denial of all the matters of the bill not before answered, with which the answer usually concludes, is sufficient as a pleading to put the several matters of the bill in issue, the principal object of the exceptions for insufficiency is to examine the defendant on oath for the purpose of discovery merely. For this purpose the complainant may even anticipate the defence of the defendant, and may obtain a discovery of matters connected with such defence, which are in nowise responsive to the main charges in the bill upon which the complainant's equity is supposed to rest. The proper method of obtaining such discovery, however, is not by exceptions for insufficiency founded upon the answer alone, but by framing the bill in such a manner as to call for all the particulars of the defence which it is supposed the defendant will set up. This is effected by what is usually called the charging part of the bill, in which the anticipated defence is stated as a pretence of the defendant, supported by proper charges and interrogatories founded upon such alleged pretence. In this way the complainant is not only enabled to anticipate the defence itself, by putting other matters in issue which will have the effect to displace the equity thereof, but he is also enabled to examine the defendant on interrogatories in relation to all the particulars of such defence. (*Mitford*, 43. *Lube's Eq. Pl.* 241, 268.) By an amendment of the bill the complainant may generally effect the same object, even after the defendant has put in an answer setting up such defence.

In the case under consideration the complainant, in his bill, has stated the recovery of a judgment against the defendant E. Brown, on which an execution has been returned unsatisfied. But as he has left the question of present indebtedness to be presumed, as an inference of law arising from the facts thus stated, the defendants were not called upon to do more than to admit the facts as stated in the bill. This admission, however, did not preclude them from rebutting this legal presumption of indebtedness by setting up, as a distinct matter

1833.

Stafford
v.
Brown.

of defence, the payment of the judgment either wholly or in part. But as this part of the answer was not called for by the bill and was not responsive to any thing contained therein, it would be no evidence in favor of the defendants unless established by proof. If the complainant had stated in the bill that the defendants pretended that E. Brown had paid the whole or a part of the judgment, and charged that such pretence was unfounded, he might in the interrogatory part of the bill have called for all the particulars as to the time, place, amount and manner of such pretended payment. But in that case the answer would have been evidence, in favor of the defendants, as to the matters they were thus called upon to answer. Nothing should be permitted to remain in an answer which is neither called for by the bill, nor material to the defence or with reference to any decree or order which may be made in the cause. But the proper mode of making the objection to any such immaterial statement, with a view to have it expunged, is by excepting to the answer for impertinence.

As the whole of the discovery called for by the five first exceptions allowed by the master was founded upon new matters set up by the defendants in their answer, by way of defence, those exceptions should have been disallowed.

The matters of the ninth, twelfth and thirteenth exceptions are fully answered, so far as any foundation was laid for those exceptions by the allegations in the bill ; and so far as the exceptions went beyond the bill they were inadmissible. So much of the master's report as was excepted to by the defendants must therefore be overruled, with costs. And if the complainant does not think proper to amend his bill within ten days, as authorized by the 190th rule of this court, the defendants must answer the matters of the eighth, tenth and eleventh exceptions within the time specified in the report of the master.