WEST AND COURTENAY
    ADM'RS OF WEST          } DECEMBER TERM, 1848.
        vs.
NATHANIEL WILLIAMS.

[EXCEPTIONS TO ANSWER—ALLEGATIONS OF THE BILL.]

EXCEPTIONS to an answer for insufficiency, can only be sustained where some material allegation, charge or interrogatory in the bill, is not fully answered.

The court must see, by referring to the bill, alone, in connection with the exception, that the precise matters, as to which a further answer is sought, are stated in the bill, or, that such an answer is called for by the interrogatories.

Exceptions to an answer, upon the ground that the defendant did not give a detailed account of the management of a trust fund which came to his hands, *as agent*, were overruled, because the bill only called upon him for an account of the business of *the trust*, and not for an account of the business of the trust and *agency*.

[James West, deceased, in the year 1805, conveyed his property to trustees for the benefit of his creditors, and was himself appointed by the trustees their agent for managing the trust. On the death of West, in 1809, Nathaniel Williams was made agent in his place, and afterwards on the death of the trustees, he was appointed trustee, and has continued to act in that capacity ever since.   This bill was brought by the complainants to recover from Williams certain moneys which they allege to be due the estate of their intestate, on account of his services as agent as aforesaid; and also an allowance to his widow, one of the complainants, for dower.   The case was brought before the court at this term, on exceptions to the defendant's answer, and as all the facts material to that question are given by the

Chancellor, in his opinion, it is unnecessary to make a full statement of the case.]

THE CHANCELLOR:

To the original answer of the defendant in this case, the plaintiffs excepted for insufficiency, but before the time fixed for hearing these exceptions had arrived, the defendant filed an answer to the exceptions; and it seems to be conceded that this answer gives all the information required by the bill, and is full and complete except with reference to a part of that specified in the fourth exception, which is in the following words: "That whereas, the bill calls for a particular and detailed account of the entire trust, since it came under the charge of the defendant, either *as agent* or trustee, specifying the sums of money received, the date of each receipt, the amount of each receipt, and the party from whom received. The sums paid away; the amount of each payment; the date of each payment; and the name of the party to whom paid; the entire expenses of the trust, and the particulars of such expenses." And this exception affirms, that the answer gives no such account as the bill in this respect is assumed to call for.

Independently of other objections, the existence and validity of which it is not proposed now to notice, it is material to inquire, whether the plaintiffs by their bill have made such a case as entitle them to all the information called for by this exception.

It appears by the bill and exhibits, and the admissions of the answer, that James West, the intestate of the plaintiffs, on the 21st of November, 1805, conveyed all his property, of every description, to Humphrey Pierce and Alexander Macdonald, in trust, for the payment of his debts in the mode specified in the conveyance; that the trustees accepted the trust and appointed James West their agent in the management thereof, who continued to act as such until his death in December, 1809; and that there became and was due to him for advances of cash beyond his receipts, and for his services as agent, the sum of about $9,900.

The bill then charges, "that after the death of the said West, the said trustees, appointed Nathaniel Williams, Esq., (the defendant,) their agent, who afterwards, on the death of said trustees, was, by a decree of Baltimore County Court, passed on the petition of Luke Tiernan and others, stating themselves to be creditors of said James West, duly appointed trustee for the estate, with the same powers which by the deed of trust aforesaid, were vested in the original trustees." And it appears by a copy of the decree of Baltimore County Court, that the defendant was appointed trustee on the 21st of September, 1836.

The bill, after some averments, not necessary to be noticed,· states, that the complainants had received from the defendant, from time to time, several sums of money, amounting in the aggregate to about the principal of the said sum of $9,900, but that they had received nothing on account of interest, and that a large balance still remains due them for interest, which the defendant refuses to pay. It is chiefly to recover this balance that the present bill is filed ; and to that end, after the foregoing statement, the defendant is called upon to give a detailed account of the business of the trust, showing the amounts received by him, and the payments made from the trust fund, and particularly the sums paid to the complainants ; and stating the times of the receipts and payments, and the accounts on which they were paid ; and also full and perfect answer make to the premises, &c.

The answer to the exceptions is admitted to be satisfactory and full with regard to the transactions of the defendant as trustee ; but it is said that it does not give an account of, or any information in reference to the proceedings of the defendant whilst he acted in the capacity of *agent* of the first trustees. And the rule is insisted upon, that a respondent submitting to answer, must answer fully ; and there can be no doubt that such is the rule. *Warfield* vs. *Gambril,* 1 *G. & J.,* 503 ; *Salmon* vs. *Clagett,* 3 *Bland,* 125.

If the answer is not explicit, the defendant may be pressed by exceptions till it is so, but exceptions to an answer for insufficency can only be sustained where some material allegation,

charge, or interrogatory in the bill, is not fully answered. *Blaidsell* vs. *Stephens*, 16*th Ves.*, 179 ; *Stafford* vs. *Brown*, 4 *Paige*, 88.   It is only where the allegations and interrogatories of the bill are not fully answered, that the defendant can be urged to a fuller response by exceptions.

The 4th exception in this case takes the ground that the defendant was called upon by the allegations and interrogatories of the bill to give a detailed account of the trust since it came under his charge, either as *agent* or trustee, and the objection now urged is, that he has not given such account as *agent*.

But upon examining the bill with some care, I do not find that he is called upon by its allegations and interrogatories to give such account, as *agent*.

It is true, the fact of his having become, and having acted as agent is alleged; but it is not averred that he received money as agent ; and in the interrogating part of the bill, the defendant is called upon to give a particular and detailed account of the business of the trusts, showing the amounts received, and payments made from the trust funds.   He is not required to give such an account as *agent*, or *trustee*, as the exception assumes ; but simply an account of the business of the trust ; and there is nothing in the bill which negatives the idea that the defendant had not settled his account as agent, with his principals, the original trustees, as it was his duty to do.   The court must see, by referring to the bill alone, in connexion with the exception, that the precise matters as to which a further answer is sought, are stated in the bill, or that such an answer is called for by the interrogatories.   Such is the principle settled by the case of *Stafford* vs. *Brown*, 4 *Paige*, 88, before referred to, in which the authorities upon the point seem to have been carefully examined ; and such, in my opinion, should be the rule.   A plaintiff should not be allowed to except to an answer for insufficiency when his own bill is inexplicit and ambiguous, and it is consequently doubtful what information he seeks to obtain from the defendant.

The representatives of the original trustees in this case are not parties to the bill, and hence it might very fairly be inferred

that the business of the trust, prior to the appointment of the defendant, in 1836, was not to be inquired into. Certainly, if the defendant had accounted with, and paid to his principals, the original trustees, all the money which came to his hands as agent, he would not be responsible to these plaintiffs, and, therefore, when he alone is brought before the court, and those trustees, or they being dead, their personal representatives, are not made parties, he might very naturally assume that the subjects to be investigated in the cause would be confined to his acts as trustee, and not to acts performed in the capacity of agent for others, who, or whose representatives, were not brought before the court. To those original trustees the defendant was certainly *per directum*, liable, and though as this case now stands, it may be that the *cestique trusts* are entitled to proceed directly against the defendant in respect of his transactions as agent, (a point not now meant to be decided,) yet certainly when the original trustees, or those who now represent them, are not made parties, the bill if it meant to call the defendant to account in the double capacity of agent and trustee, should do so in terms free from ambiguity or equivocation. This bill, in my judgment, does not do so. It calls upon the defendant for a detailed account of the business of *the trust*, but does not call upon him for an account of the business of the trust and *agency*, for the failure to render which the exception is taken.

The bill, it is true, speaks of both the trust and the agency, and very properly distinguishes between them; but the interrogating part seems to be confined to a call for information, and an account with regard to the trust, and the defendant might very readily and naturally have supposed that the only relief sought against him was in his character as trustee; and it may have been from that impression that he submitted to answer, instead of demurring. If by joining these two matters the bill would have been multifarious, and the defendant by the ambiguous manner in which they are presented, has been induced to forego that mode of defence, and must now give full and explicit answers to what was not fully and explicitly stat-

ed, he has been placed in a position of disadvantage which more clearness in stating the plaintiffs' case, and their object, would have relieved him from. It is not meant to be said, that these matters of the trust, and agency, are so distinct and unconnected as to make it improper to unite them in the same bill; but if it was intended to join them, it should have been done in a plain manner, that the defendant might have shaped his course accordingly, under the advice of his counsel.

The exception must be overruled.

[No appeal was taken from this order.]