WALKER et al. v. JACK.

(Circuit Court of Appeals, Sixth Circuit. July 7, 1898.)

No. 534.

1. EQUITY PLEADING—DEMURRER TO ANSWER.
   There is no such thing as a demurrer to an answer in equity. The only way by which the sufficiency of the answer on its merits as a defense can be tested is by setting the case for hearing on the bill and answer.

2. SAME—EXCEPTIONS TO ANSWER.
   The office of an exception to an answer is to raise the question whether the averments and denials thereof are sufficiently responsive to the allegations of the bill; and it cannot be treated as raising the question of the sufficiency of the answer as a defense on the merits.

3. TAXATION—INTANGIBLE PROPERTY OF NONRESIDENTS.
   It is within the power of a state to tax money and credits of a nonresident when the money is invested, the debt contracted, and the investment controlled by a resident agent of the owner, having the evidences of the debt in his possession.

**4. Same.**

Under Rev. St. Ohio, §§ 2731, 2734, 2735, moneys and credits owned by a nonresident of the state, and which are *held*, invested, and controlled for him by an agent residing in the state, are made subject to taxation. 79 Fed. 138, reversed.

Appeal from the Circuit Court of the United States for the Western Division of the Southern District of Ohio.

This was a suit in equity by John V. Jack against Isaac N. Walker, auditor, and Charles E. Eulass, treasurer, of Warren county, Ohio, to enjoin them from levying and collecting taxes on certain credits owned by complainant, who is a nonresident of the state. The circuit court entered a decree according to the prayer of the bill (79 Fed. 138), and the defendants have appealed.

George A. Burr, for appellants.

Thomas B. Paxton and W. F. Eltzroth, for appellee.

Before TAFT and LURTON, Circuit Judges, and SEVERENS, District Judge.

TAFT, Circuit Judge. This is an appeal from a decree enjoining the taxing officers of Warren county, Ohio, from levying and collecting taxes on certain moneys and credits, evidenced by promissory notes and secured by mortgage upon land in that county, which are owned by John V. Jack, the complainant below, a nonresident of Ohio and a citizen of the state of New York. The answer admitted all the averments of the bill as to the ownership of the moneys and credits, the residence of Jack, and the intention of the defendants to levy and collect the taxes unless enjoined, but averred that the moneys and credits during the years for which the taxes were to be collected were invested, loaned, and controlled by one George W. Carey, "who was during all of said years the agent of the complainant in so investing, loaning, and controlling said moneys and credits, and was during all of said years a resident of the said county of Warren, and state of Ohio"; "that said moneys and credits should have been listed in said county of Warren for taxation therein, by the said George W. Carey, as such agent of complainant, in each and all of the aforesaid years, but that neither the said George W. Carey nor any one listed said moneys and credits for taxation in said county in and for any of said years." The complainant excepted to the answer for insufficiency; the court sustained the exception; and, the defendants declining to plead further, the court entered a decree perpetually enjoining the defendants as prayed in the bill. The court seems to have treated the exception as if equivalent to a demurrer testing the sufficiency of the averments of the answer as a defense to the bill upon its merits. This was not according to proper equity practice. There is no such thing as a demurrer to an answer in equity. Grether v. Cornell's Ex'rs, 43 U. S. App. 770, 23 C. C. A. 498, and 75 Fed. 742. The only way by which the sufficiency of an answer on its merits as a defense to the case made in bill can be tested is by setting the case for hearing on bill and answer. The office of an exception is to raise the question whether the averments and denials of the answer are sufficiently responsive to the allegations of the bill. In this case the aver-

88 F.—37

ments of the answer were in every way responsive to the allegations of the bill, and left nothing to be desired in defining the sharpness of the real issue between the parties. It was therefore an error to sustain the exceptions. We might be content to reverse the cause on this ground; but in order to shorten the further proceedings for which the case must be remanded, and because the parties have argued the case on its merits as presented by bill and answer, we proceed to consider it in that aspect.

The question is whether, by the laws of Ohio, the moneys and credits of a nonresident of Ohio are subject to taxation under the laws of that state, when such moneys or credits have been invested, loaned, and are under the control of the owner's agent resident in Ohio. Counsel for complainant below contend that such moneys and credits are not taxable in Ohio for two reasons: First, because they are not within the jurisdiction of the state, and the state has no power to tax them; and, second, because the statutes of Ohio, properly construed, do not provide for their taxation.

The general rule for determining the situs of personal property is that it follows the person of the owner, and has its situs at his residence. With respect to tangible personal property, however, it is well settled that it may be taxed by the sovereignty having jurisdiction over the place which is its actual situs, though the owner live in another jurisdiction. Intangible personal property, however, like choses in action and credits, can, as a general rule, only be taxed at the residence of the owner. State Tax on Foreign-Held Bonds, 15 Wall. 300; Kirtland v. Hotchkiss, 100 U. S. 498. The language of the former of these cases has been modified somewhat in Savings & Loan Soc. v. Multnomah Co., 169 U. S. 421, 428, 18 Sup. Ct. 392, where it was held to be within the power of a state to tax the interest of a nonresident mortgagee in the mortgaged property. But the earlier case is still authority for the general rule that a credit is taxable only at the residence of the creditor. Certain exceptions to this rule are recognized. One is where the chose in action is represented by a negotiable bond, property in which passes by delivery. In such a case the evidence of title is in such form, and is so important an element of the value of what it represents as to make it closely analogous to tangible property, and to give it a situs for taxation where the negotiable evidence of its existence actually is, even though the owner may live elsewhere. This exception is commented on by Mr. Justice Field in delivering the opinion of the court in the case of State Tax on Foreign-held Bonds. Another exception is where, though the beneficial interest in the debt is owned by a nonresident, yet the money is invested, the debt is contracted, and the investment is controlled, by a resident agent of the owner. In such a case it is held that the money and the credit in which it is invested are within the state, where the agent receives the money for his principal, and makes the loan, having authority to collect it and to reinvest it. Finch v. York Co., 19 Neb. 50, 26 N. W. 589; Billinghurst v. Spink Co., 5 S. D. 84, 58 N. W. 272; In re Jefferson, 35 Minn. 215, 28 N. W. 256; Redmond v. Commissioners, 87 N. C. 122; People v. Trustees of Village of Ogdensburg, 48 N. Y. 390; Catlin v. Hull, 21 Vt. 152; People v. Smith, 88 N. Y. 576;

Hutchinson v. Board, 66 Iowa, 35, 23 N. W. 249; People v. Davis, 112 Ill. 272; People v. Insurance Co., 29 Cal. 534; Herron v. Keeran, 59 Ind. 472. In such cases the circumstance that the agent has in his possession the evidence of the indebtedness is regarded as of importance. The authorities above cited leave no doubt of the power of the state of Ohio to tax any moneys and credits owned by nonresidents, the custody of which has really been intrusted by their owners to resident agents.

The next question is whether the law of Ohio taxes such moneys and credits.

Section 2731, Rev. St. Ohio, is as follows:

"All property, whether real or personal, in this state, and whether belonging to individuals or corporations; and all moneys, credits, investments in bonds, stocks or otherwise, of persons residing in this state, shall be subject to taxation, except only such as may be expressly exempted therefrom; and such property, moneys, credits and investments shall be entered on the list of taxable property, as prescribed in this title."

Section 2734, Rev. St. Ohio, is as follows:

"Every person of full age and sound mind shall list the personal property of which he is the owner, and all moneys in his possession, all moneys invested, loaned or otherwise controlled by him, as agent or attorney, or on account of any other person or persons, company or corporation whatsoever, and all moneys deposited subject to his order, check or draft, and all credits due or owing from any person or persons, body corporate or politic, whether in or out of such county."

Section 2735, Rev. St. Ohio, is as follows:

"Every person required to list property on behalf of others shall list the same in the same township, city or village in which he would be required to list it if such property were his own, but he shall list it separately from his own, specifying in each case the name of the person, estate, company or corporation to whom it belongs."

Section 2731 provides for the taxation of all real and all tangible personal property within the state. It also provides for the taxation of all intangible personal property belonging to residents of the state. If this section stood alone, it cannot be doubted that intangible personal property belonging to nonresidents would escape taxation. Section 2734, however, requires every person of full age and sound mind to list all moneys invested, loaned, or otherwise controlled by him as agent or attorney, or on account of any other person or persons, company or corporation. It is forcibly argued that the first section above quoted defines what is intended to be taxed, and the other two only contain directions as to the persons who shall list the property described in the first section, and do not enlarge the scope of the first section at all. Hence it is said the moneys and credits to be listed by agent or attorney are those owned by residents of the state who are absent temporarily or are for any reason prevented from listing them themselves. Support is given to this argument by the arrangement of the sections in the Revised Statutes, and in the acts in which they first appear as laws. More than this, the state circuit court for the Fifth Ohio circuit, in the case of Lee v. Dawson, 8 Ohio Cir. Ct. R. 365, has so construed the sections, and has held expressly that a nonresident of Ohio is not required to pay taxes on his intangi-

ble property for taxation, notwithstanding it is under the control of a resident agent for investment and collection. We are unable, however, to follow this decision, because we are not able to reconcile it with the decisions of the supreme court of Ohio.

In Grant v. Jones, 39 Ohio St. 506, the supreme court of Ohio declared, in the syllabus of the case (which is always drawn by the court), that "credits owned by a nonresident of this state are not taxable here, unless they are held within this state by a guardian, trustee, or agent of the owner, by whom they must be returned for taxation." It is true that this decision was made under the tax law of 1859, and its amendments (2 Swan & C. p. 1438), which were then in force; but they were not substantially different from the provisions of the Revised Statutes in this regard. Judge Johnson, in delivering the opinion of the court, referred to the holding of the supreme court of the United States, in the case of State Tax on Foreign-Held Bonds, that a debt was taxable only at the residence of the creditor, and then continued:

"Our statute clearly adopts that rule. Whenever the person holding such choses in action resides in Ohio, he must list for taxation such credits, whether he holds them as owner, guardian, trustee, or agent. If they are held within the state in either capacity, they are within the jurisdiction of the state for purposes of taxation. If they are not so held, but are owned and held by a nonresident, they are not subject to taxation."

The case before the court was that of the attempted taxation of an itinerant peddler, a nonresident of Ohio, who owned notes secured by mortgages on land in Butler county, Ohio, who visited that county each year to collect interest and so much of the principal as was due, brought the notes and mortgages with him into the state, and took them away with him when he left it. It was held that the notes were not subject to taxation, because he had no resident agent to hold the notes for him. The court might have disposed of the case without deciding that, if a resident agent had made the investment and held the notes, they would have been taxable, and to that extent the language of the syllabus and the opinion above quoted were obiter dictum. The syllabus in Ohio decisions, however, is the language of the court, and is to be given more weight than the language of a single judge in delivering the judgment of the court. In any event, upon a doubtful construction of a state statute, such an expression of opinion by the highest court of the state is, and must be, very persuasive in this court.

In Myers v. Seaberger, 45 Ohio St. 232, 12 N. E. 796, the point in judgment was whether a nonresident of Ohio was subject to taxation upon notes secured by mortgage on Ohio land, because the notes were in the hands of a resident agent for collection, but not for reinvestment. It was held that the money invested in the notes was not money "invested, loaned, or otherwise controlled by him as agent or attorney, or on account of any other person or persons." Construing section 2731, the court said:

"The first clause evidently embraces all tangible property, real or personal, situated in this state, irrespective of the residence of the owner; and the second clause embraces all intangible property of persons residing in this state, irrespective of where the subject of the property may be situated. So that it

seems clear that the credits of persons not residing in this state are not the subjects of taxation by its authorities, though the debtor may reside here. Such has been the uniform policy of this state. * * * The rule as above stated is qualified as to 'money' by section 2734, Rev. St. By this section every person of full age and sound mind is required to list for taxation 'all moneys invested, loaned or otherwise controlled by him as agent or attorney, or on account of any other person or persons.' But the case before us does not come within this provision. The agent of the defendant had no power to loan 'or invest money for her in this state. His duties were confined to the collection of that which had been loaned, and transmitting it to his principal as fast as it was collected. The phrase 'or otherwise controlled by him' must be construed to mean, in a manner similar to the loaning and investing of money. * * * To loan or invest money is one thing; to collect and transmit it to the owner when collected is another and different thing. Any other construction would require every attorney in the state engaged in making collections for nonresidents to return the same for taxation. Such could not have been the intention of the legislature, nor does the language of the statute require that such construction should be placed on it."

It may properly be said that the court might have decided this case by assuming, without deciding, that the language of section 2734 applied to the money and credits of nonresidents, and by then holding that the case before it was not within the exception created by that section. The court, however, held that section did apply to moneys of nonresidents, but that the case in hand did not come within its application. It may be questioned whether the construction by the court of the section under these circumstances could be regarded as obiter; but, however that may be, we regard it as sufficiently authoritative to require us to follow the decision. With deference, we think that the opinion of the state circuit court did not give sufficient weight to the language of the supreme court of the state in Grant v. Jones or in Myers v. Seaberger.

The case must go back to the circuit court in order that, if the complainant wishes, he may be permitted to file a replication, and try the issue upon the facts whether the moneys invested for the complainant below were "invested, loaned or otherwise controlled by" Carey, as complainant's agent, within the meaning of section 2734. The order will be that the decree of the circuit court is reversed at appellee's costs, with directions to overrule the exceptions to the answer, and to take further proceedings not inconsistent with this opinion.