BARRETT v. TWIN CITY POWER CO. et al.

(Circuit Court, D. South Carolina. October 16, 1901.)

1. EQUITY PLEADING—EXCEPTIONS TO ANSWER.
    The only mode of taking advantage of defects in an answer is by written exceptions on the grounds that it contains matter which is either scandalous or impertinent, or of its insufficiency in not answering fully the statements and allegations of the bill.

2. SAME—LEGAL SUFFICIENCY OF ANSWER.
    A demurrer to an answer in equity is unknown, nor can exceptions serve the office of a demurrer by presenting the question of its legal sufficiency, but, if it is desired to submit a case on the questions of law arising on the answer, the only method is by setting it down for hearing on bill and answer.

3. SAME—IMPERTINENCE.
    The court will not order matter in an answer alleged to be impertinent to be struck out on exceptions unless the impertinence is fully and clearly made out.

4. SAME—OFFICE OF EXCEPTIONS FOR INSUFFICIENCY.
    Where the matter of the bill is fully answered, the plaintiff cannot except to the answer for insufficiency because of new matter which is irrelevant, and states no sufficient grounds of defense, the principal object of exceptions for insufficiency being to obtain more perfect discovery from defendant under oath. In some jurisdictions such exceptions do not lie where the bill expressly waives answer under oath.

5. SAME—LIBERAL CONSTRUCTION OF PLEADINGS.
    It is not in accordance with the principles of equity to strictly and inflexibly enforce its rules as to pleading, or dispose of a question on purely technical grounds; and a court may look into the substance of exceptions, and determine them on their merits, although they are taken for insufficiency, when they should properly have been for impertinence.

6. SAME—ANSWER—IMPERTINENCE.
    Where a bill alleges that complainant had secured options on property, which he transferred to defendants under a contract for the enforcement of which the bill was filed, an averment in the answer, which admitted the contract, that complainant had expended but little time or money in procuring such options, is impertinent, the subsequent contract having precluded any inquiry into such question.

7. SAME.
    Averments in an answer to a bill filed for the purpose of obtaining a strict and literal enforcement of a contract, including a forfeiture, stating facts tending to show that the contract was a hard one for defendants, and that they had endeavored in good faith to carry it out, and had substantially complied with its terms, although stating no legal defense, are proper as considerations addressed to the discretion of the court for the purpose of avoiding a harsh and literal enforcement of the contract, and are not subject to exception for impertinence.

In Equity. On exceptions to answer.

Frank H. Miller, Wm. K. Miller, and Messrs. Hendersons, for complainant.

B. L. Abney and J. S. Muller, for defendants.

SIMONTON, Circuit Judge. This case now comes up on exceptions to the answer for insufficiency. As these exceptions involve the practice in equity pleading, the discussion of the questions involved therein will be more elaborate than usual. The only mode of taking advantage of defects in an answer is by written exceptions. 1 Daniell, Ch. Pl. & Prac. (Perkins' Ed.) p. 770, note 1. Demurrer to an answer is unknown in equity pleading. Banks v. Manchester, 128 U. S. 250, 9 Sup. Ct. 36, 32 L. Ed. 425; Grether v. Wright, 23 C. C. A. 500, 75 Fed. 742. Nor can exceptions serve the office of a demurrer. Shiras, Eq. Prac. U. S. Courts, 59; Walker v. Jack, 31 C. C. A. 462, 88 Fed. 576. If such exceptions be sustained, the only course is leave to amend the answer. There are three grounds of exception to an answer: It may contain matter which is scandalous; it may contain matter which is impertinent,—that is to say, it may go outside of the bill to state some matter not material to the case of the defendant; it may be objectionable on the ground of insufficiency in not answering fully the statements and allegations of the bill. Story, Eq. Pl. §§ 861, 863. In cases of alleged impertinence the court will not order the matter alleged to be impertinent to be struck out unless in cases in which the impertinence is very fully and clearly made out, for, if it is erroneously struck out, the error is irremediable; if it is not struck out, the court may set the matter right in point of costs. Story, Eq. Pl. § 267; Davis v. Cripps, 2 Young & C. Ch. 443. Under the rule the exception as to scandal and impertinence in an answer must be disposed of before its sufficiency can be considered (Story, Eq. Pl. § 867); and, if a reference for insufficiency is ordered before this is done, the right of exception for scandal and impertinence is waived (Id.). Exceptions to an answer for insufficiency can only be sustained when some material allegation, charge, or interrogatory in the bill is not fully answered. When the matter of the bill is fully answered, and the defendant sets up new matter, which is irrelevant, and forms no sufficient grounds of defense, the plaintiff may except to the answer for impertinence. He cannot except to its insufficiency. Stafford v. Brown, 4 Paige, 88. The principal object of exceptions to an answer for insufficiency is to obtain more perfect discovery from defendant under oath. Stafford v. Brown, supra. So exceptions do not lie in New York to an answer for insufficiency when the bill waives the oath of the defendant, because such answers are not evidence (McCormick v. Chamberlin, 11 Paige, 543); and the same rule prevails in Massachusetts and in New Hampshire (1 Daniell, Ch. Prac. 770, notes 1, 3, and 771. In the case at bar an answer under oath is expressly waived.

Such are the strict rules of equity pleading. But the inflexible enforcement of these rules and the dismissal of a question upon

grounds purely technical are abhorent to the broad principles of equity. So we find that in the practice in New York when its court of equity flourished the strict rule was not adhered to. Livingston v. Livingston, 4 Paige, 111; Woods v. Morrell, Johns. Ch. 103. And in the case quoted supra from 128 U. S., 9 Sup. Ct., 32 L. Ed., where the complainant demurred to the answer, the court, while condemning that course, proceeded to decide the case on bill and answer. At the hearing of these exceptions the defendant relied upon the rule in equity pleading, insisting that many of the exceptions were addressed, not to the insufficiency of the answer, but to matters which could only come under the head of impertinence. Strictly, the objection is well taken. But it is preferred to look into the substance, instead of the form, of the objection, and to treat the formal exceptions to the answer as if they were addressed to matters impertinent, as well as to its insufficiency. The exceptions are eight in number.

1. To an allegation in paragraph 2 of the answer in these words: "That but little time and money were ever actually spent and expended by said Thomas Barrett, Jr., [the complainant], in procuring said option, or in an effort to utilize the same." The objection is that this allegation is not responsive to the bill, for all such matters were anterior to and merged in a written contract recognized and adopted by the defendant company. The scope of this bill is this: The complainant alleges that he had contemplated the organization of a company for the purpose of utilizing the water power of Savannah river at or near Ring Jaw shoals; that to this end he has been procuring options of land from landowners on both sides of the river, and had caused surveys to be made, employed and paid engineers, and had paid frequent visits to the locus in quo, when he discovered that other parties were engaged in the same enterprise; that he entered into negotiations with these parties; that these negotiations resulted in a written agreement whereby he was to transfer all his options to them, and to receive therefor $5,000 in cash and $15,000 in bonds secured by a first mortgage on the property of the corporation, deliverable on 1st January, 1901, or $15,000 in cash, time being of the essence of the contract. The bill then alleges the breach of this contract, and prays the appointment of a receiver to take charge of the property, the placing of the options in the hands of this receiver, or the payment of the $15,000 cash. It is clear that this statement in the answer comes within the definition of impertinence; that is, the statement of some matter not material to the case of defendants. The paragraph of the bill to which the answer is addressed does not state what time and money complainant expended. The formal agreement thereafter entered into precludes any inquiry into this matter. This exception is well taken.

2. The second exception is to paragraph 3 of the answer, in which defendants admit the making of the contract, and say, "But allege that said contract was unreasonable, the price to be paid for said options being grossly excessive, and the bargain being a hard one in other respects; but these defendants say that, the contract having been entered into by the said Chew [their agent], these defendants

have been endeavoring to carry out the same in good faith, and allege that they have substantially complied with the terms of the contract." The bill claims the literal enforcement of this contract in amount of money and in the time specified, one of the consequences of this literal enforcement being the forfeiture of $5,000 already paid in cash. This part of the answer is a portion of the defense seeking to avoid this forfeiture and the consequences of such literal enforcement; and, as one of the considerations addressed to the discretion of the court, they call its attention to the hard bargain made by them, not by avoiding it, but in order to escape rigor in its enforcement. This exception is not well taken.

3. The third exception is to an averment in the seventh paragraph of the answer. By the contract the defendants were bound to deliver to complainant $15,000 in first mortgage bonds of the corporation. The answer alleges that an order for these bonds upon the treasurer of the corporation was given to the complainant, and retained by him for some weeks without objection, and after that it was accepted by him. The clause in the answer excepted to is in these words: "These defendants assumed, and had a right to assume, that the said accepted order was satisfactory to complainant, and, so assuming, these defendants proceeded as rapidly as possible in carrying out the enterprise and in arranging for the execution of the mortgage and the issue of the bonds." This is a matter of defense. It must be sustained by evidence, and raises a distinct issue responsive to the bill. When the evidence is taken, it must appear that an order was given, that it was actually or constructively accepted, and that it covered the bonds for which the contract made provision. This exception is not well taken.

4. The fourth exception is to the ninth paragraph of the answer, wherein it is averred that 20 per cent. of the capital stock of the corporation was paid in in money, in labor, and in property. The law allowed this mode of payment. The essential averment was that 20 per cent. of the capital stock was paid in. What proportion the money bore to the property or labor, and what proportion each of these bore to the other, is not important. This is a matter of evidence, not of pleading. The fourth exception is not well taken.

5. So, also, with regard to the fifth exception to the tenth paragraph of the answer replying to the fourteenth paragraph of the bill. The answer sets up a defense to the allegations of the bill in the paragraph, and this defense involves the construction of the contract. It raises a clear and well-defined issue, and is neither impertinent nor not responsive to the bill.

6. The sixth exception is to the fifteenth paragraph of the answer, intended to reply to the twenty-sixth paragraph of the bill. The twenty-sixth paragraph of the bill is in these words: "That it was the complainant's original purpose to purchase all the said lands from the original owners thereof, and he would have done so if he had not been diverted by the said Chew, and induced by him to enter into the said contract of 1st June, 1900." This averment the complainant evidently deems pertinent and material to his case. To it the defendants say: "That, as regards the allegations of paragraph

26 of the complaint, these defendants do not know what complainant's original purpose may have been, but upon information and belief they allege that at the time he made the contract with Chew of June 1, 1900, he was ready to abandon the whole enterprise, and had already suffered to lapse one or more options which he acquired with others." The complainant having introduced into the case his original purpose, the defendants had the right to traverse and explain it.

7. The seventh exception is not well taken, because the decision upon it would involve a decision of the case on its merits.

8. And the same objection lies to the eighth exception. Exceptions to the answer do not perform the office of a demurrer in presenting the question whether the facts averred in the answer constitute a defense to the case made by the bill. As it is not permissible to file a demurrer to an answer, if it be desired to submit a case on the questions of law arising in the answer, the only method is by setting down the case for hearing on bill and answer. See Shiras, Eq. Prac. U. S. Courts, 59; Grether v. Wright, 23 C. C. A. 500, 75 Fed. 742; Walker v. Jack, 31 C. C. A. 462, 88 Fed. 576.