GORHAM MFG. CO. v. WEINTRAUB et al.

(Circuit Court, S. D. New York. June 16, 1910.)

1. EQUITY (§ 252*)—PLEADING—EXCEPTIONS TO ANSWER.

Allegations of an answer, constituting new matter and set up by way of defense, are not subject to exception.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 523, 524; Dec. Dig. § 252.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. TRADE-MARKS AND TRADE-NAMES (§ 92*)—INFRINGEMENT—PLEADING.

While, in a certain sense, there is analogy between infringement of a patent and trade-mark cases, in the absence of a statute, the court will not, in a trade-mark case, require defendant to embody in his pleading the evidence as to prior use on which he relies to establish his defense.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 102, 103; Dec. Dig. § 92.*]

3. TRADE-MARKS AND TRADE-NAMES (§ 94*)—IN EQUITY—WHEN LIES.

When a bill to restrain infringement of a trade-mark waives the oath of defendant, discovery will not lie.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Dec. Dig. § 94.*]

In Equity. Action by the Gorham Manufacturing Company against Frederick Weintraub and another. Heard on exceptions to answer. Exceptions overruled.

See, also, 176 Fed. 1024.

Hugo Mock (E. T. Fenwick and L. L. Morrell, of counsel), for complainant.

Benno Loewy, for defendants.

HAZEL, District Judge. The single question presented by the exceptions is whether the answer is insufficient and impertinent for failure to state the names of prior users of the alleged trade-mark, and who used the design of a lion and an anchor on silverware before the complainant, and what dealers, if any, had so used it. The exceptions must be overruled. These allegations contained in the answer are new matter, and are set up by way of defense, and hence, according to the decisions, are not subject to exception. Bower Barff Rustless Iron Co. v. Wells Rustless Iron Co. (C. C.) 43 Fed. 391. And, moreover, such failure to particularize, assuming the bill demurrable, can only be taken by demurrer. Barrett v. Twin City Power Co. (C. C.) 111 Fed. 45; Penna. Co. v. Bay (C. C.) 138 Fed. 203.

In a certain sense there is analogy between infringement of a patent and trade-mark cases, yet in the absence of a statute (as in a patent case) the court will not require the defendant to embody in his pleading the evidence as to prior use upon which he relies to establish his defense. The bill waives the oath of the defendant, and in such case discovery will not lie.

The exceptions are overruled.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes