LOUISVILLE & N. R. CO. et al. v. WRIGHT.

(Circuit Court, N. D. Georgia. June 2, 1911.)

No. 1,323.

1. EQUITY (§ 252*)—ANSWER—EXCEPTIONS.

An exception to an answer in equity that it did not set up any defensive matter to a bill and set up no effectual or sufficient reason why complainants should not have the relief sought for was unsustainable under the rule that the merits will not be considered on exceptions to the answer.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 523, 524; Dec. Dig. § 252.*]

2. EQUITY (§ 190*)—BILL—ANSWER—RESPONSIVENESS.

A bill by railroad companies to enjoin the assessment of taxes on complainants' property alleged that the United States Supreme Court had decided that the railroads in question were exempt from a property and franchise tax, and that the legislation of the state of Georgia, which sought to impose a tax thereon was unconstitutional, null and void, but that respondent was seeking to collect taxes on the same property in the hands of complainants as lessees. Held, that an answer admitting such decree, but alleging that it involved no consideration of the lease of the railroad to complainants, or of complainants' liability to pay taxes, and denying that the litigation respecting the taxes due by the railroad company had any relation to the question of what taxes, if any, complainants were required to pay, was not objectionable as nonresponsive.

[Ed. Note.—For other cases, see Equity, Dec. Dig. § 190.*]

3. EQUITY (§ 191*)—ANSWER—IMPERTINENT MATTER.

Complainant railroad companies suing to restrain the collection of taxes as lessees, charged that their lessor had never parted with its right, title and estate in the property, or sought to do so; had never sought to be absolved from its obligations to the public as a common carrier of freight and passengers, or as a railroad company, but that on the contrary was subject to suit for injuries to goods and passengers, irrespective of the fact that in most cases the lessees indemnified the lessor against such judgments. Held, that averments in the answer alleging that such liability existed by operation of law had no bearing on the complainants' liability to pay taxes, and denying that the lessor company had not parted with an estate in the property, claiming that under the law of Georgia a leasehold for a long term was an estate in realty different from a mere tenancy under a landlord, in that the exclusive and absolute right of possession and control of the term was in the lessee, with a mere estate in reversion in the lessor, etc., was not objectionable as impertinent, though it exceeded what was necessary in response to complainants' averments.

[Ed. Note.—For other cases, see Equity, Dec. Dig. § 191.*]

4. TAXATION (§ 608*)—RAILROADS—INJUNCTION—SCOPE OF BILL.

Where complainants, lessees of railroad property, sued respondent to restrain the assessment and collection of taxes on the property leased, the respondent properly set up the facts and claimed in the alternative that if all of the property was not subject to taxation, at least, separate designated portions thereof were taxable, since, if the court found that a part of the property was rightfully assessed, it would not enjoin the collection of taxes on that part.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 608.*

Restraining collection of taxes because of excessive or unequal assessments or valuations, see note to Atchison, T. & S. F. Ry. Co. v. Sullivan, 97 C. C. A. 16.]

**5. EQUITY (§ 252\*)—ANSWER—EXCEPTIONS.**

Where complainants, lessees of railroad property, sued to restrain the assessment and collection of taxes thereon, an allegation in the answer that the leasehold estate itself was more valuable than any life estate could be, and worth $4,000,000, and that that at least was taxable to complainants, raised a question which should be heard on its merits, and was not subject to exception.

[Ed. Note.—For other cases, see Equity, Dec. Dig. § 252.\*]

In Equity. Bill by the Louisville & Nashville Railroad Company and the Atlantic Coast Line Railroad Company against William A. Wright. On exceptions to answer. Overruled.

Jos. B. & Bryan Cumming and McDaniel, Alston & Black, for complainants.

John C. Hart, Saml. H. Sibley, and H. A. Hall, for respondent.

NEWMAN, District Judge. This case is now being heard on exceptions to the answer. The complainants, the two railroad companies, on September 24, 1910, filed their bill in this court seeking to enjoin the defendant, acting as Comptroller General of the state of Georgia, from collecting from the complainants taxes on the property leased by them from the Georgia Railroad & Banking Company. The defendant filed his answer November 7, 1911.

By section 15 of the charter of the Georgia Railroad & Banking Company, granted December 27, 1831, "the stock of the said company and its branches shall be exempt from taxation for and during the term of seven years from and after the completion of the said railroads, or any one of them; and after that, shall be subject to a tax not exceeding one-half per cent. per annum on the net proceeds of their investment."

On the 7th of May, 1881, the Georgia Railroad & Banking Company leased the property in question to William M. Wadley and his assigns. By various conveyances the complainant railroad companies became successors of the said Wadley as lessees of said railroad property, and have been for many years operating the same under this lease. The defendant, as Comptroller General of the state of Georgia, is now seeking to collect the ad valorem taxes levied by the state of Georgia on other property from the defendants on the leased property. The answer sets up in substance that this property is subject to taxation as is other property in Georgia, and that the scheme of taxation provided in the charter of the Georgia Railroad & Banking Company does not apply to the property in the hands of the lessees. There are a number of exceptions which will be dealt with in their order.

[1] The first exception is:

"Because said answer sets up no defensive matter to the bill of complaint, and sets up no effectual and sufficient reason why these complainants should not have the relief sought by them in said bill."

Undoubtedly this exception is not good. It is clearly settled by the authorities that the merits of the case will not be considered on exceptions to the answer. In Walker et al. v. Jack, 88 Fed. 576, 31 C. C.

A. 462, in the opinion of the Circuit Court of Appeals, by Judges Taft, Lurton, and Severens, Judge Taft delivering the opinion, the following language pertinent to this question is used:

"The complainant excepted to the answer for insufficiency, the court sustained the exception, and, the defendants declining to plead further, the court entered a decree perpetually enjoining the defendants as prayed in the bill. The court seems to have treated the exceptions as if equivalent to a demurrer testing the sufficiency of the averments of the answer as a defense to the bill upon its merits. This was not according to proper equity practice. There is no such thing as a demurrer to an answer in equity. Grether v. Cornell's Ex'rs. 43 U. S. App. 770, 23 C. C. A. 498, and 75 Fed. 742. The only way by which the sufficiency of an answer on its merits as a defense to the case made in the bill can be tested is by setting the case for hearing on the bill and answer. The office of an exception is to raise the question whether the averments and denials of the answer are sufficiently responsive to the allegations of the bill. In this case the averments of the answer were in every way responsive to the allegations of the bill, and left nothing to be desired in defining the sharpness of the real issue between the parties. It was therefore an error to sustain the exceptions."

See, also, 16 Cyc. 315.

[2] The second exception is this:

"Complainants except to that portion of said answer which is embraced in the ninth paragraph thereof upon the ground that the same is insufficient. The portion of the bill of complaint which the defendant undertakes to answer by said ninth paragraph is contained in paragraph 8 of the bill of complaint, and is as follows: 'The Supreme Court of the United States having decided that the railroads aforesaid were exempt from a property tax including a so-called "franchise tax" and that the legislation of the state of Georgia which sought to impose a tax thereon was unconstitutional, null and void, nevertheless the defendant, having failed in his persistent effort to collect taxes from the owner of the property, the Georgia Railroad & Banking Company, is now seeking to levy the same taxes on the same property in the hands of the tenant of the owner, to wit, your orators as lessees, and to force your orators to pay the same.'

"Said answer to paragraph 8 as embodied in paragraph 9 of the answer is as follows: 'It is true that litigation with the Georgia Railroad & Banking Company over said taxes for 1903 resulted in a decree of this court, affirmed save as to the Washington Branch by the Supreme Court of the United States, which restrained respondent from collecting from said Georgia Railroad & Banking Company ad valorem taxes on the railroad from Augusta to Atlanta, and from Union Point to Athens, in so far as the same represented investments of the stock of said company which is exempt as aforesaid. Said decree, however, involved no consideration of said lease, or of the liability of the complainants to pay taxes to the state of Georgia and the political divisions thereof, and the respondent denies that the litigation respecting the taxes due by the Georgia Railroad & Banking Company has any relevancy to the question what taxes if any these complainants are liable to pay.'

"Said answer is not fully responsive and does not definitely and precisely meet the allegations in the bill of complaint quoted above, and the same is evasive."

This portion of the answer is sufficiently responsive.

[3] The third exception stated is:

"The fourteenth paragraph of said bill of complaint is as follows: 'Said lessor, the Georgia Railroad & Banking Company, has never parted with its right, title, and estate in said property, or sought to do so. It has never sought to be absolved, as the owner of said railroads and their appurtenances, of its obligations to the public as a common carrier of freight and passengers,

or of any of its obligations to the state and the public as a railroad company. On the contrary, since the date of the aforesaid lease to William M. Wadley, just as prior to said lease, the Georgia Railroad & Banking Company has been and is constantly sued by passengers, or their legal representatives, and shippers, and by persons who have been injured by the running of trains on its railroads, and in such cases, judgments, for which it alone is liable, have been rendered against it and have been satisfied annually for thousands of dollars. It makes no difference in the legal status that in most cases the lessees indemnify the lessor against such judgments.'

"The answer to these averments is found in the fifteenth paragraph of the defendant's answer, as follows: 'It is admitted that in leasing its railroads and franchises the Georgia Railroad & Banking Company did not and could not relieve itself from liability to the individuals of the public for any wrong use thereof by the lessees, such being the law as between such individuals and the corporation. It is denied, however, that the protection thus reserved by the law to the individuals of the public has any bearing upon the liability of the complainants to pay taxes. It is also denied that the Georgia Railroad & Banking Company parted with no title or estate in said railroads, nor sought to do so; but, on the contrary, it is averred that in Georgia a leasehold is an estate in realty, and differs from a mere tenancy under a landlord in that the exclusive and absolute right of possession and control of the term of the lease is in the lessee, with a mere estate in reversion in the lessor.'

"The following portion of this answer: 'It is also denied that the Georgia Railroad & Banking Company parted with no title or estate in said railroads nor sought to do so; but, on the contrary, it is averred that in Georgia a leasehold is an estate in realty, and differs from a mere tenancy under a landlord in that the exclusive and absolute right of possession and control of the term of the lease is in the lessee, with a mere estate in reversion in the lessor'—is excepted to on the ground that the same is impertinent. This portion of the answer to the averments in the fourteenth paragraph of the bill of complaint is neither responsive nor germane. It has no relevancy to any issue made in the cause, and it is foreign to the complaints made in the bill of complaint and the relief sought therein, but said part of this portion of defendant's answer undertakes to bring in extrinsic matter which is impertinent."

The part of the answer excepted to can hardly be considered as impertinent. Perhaps it goes somewhat beyond what was necessary by way of response to complainants' averments, but hardly justifies the court in sustaining an exception to it. The eighteenth paragraph of defendant's answer, which is in response to paragraph 17 of the bill is excepted to both for insufficiency and impertinence. Both this paragraph of the bill and of the answer seem to me rather argumentative concerning the section of the charter authorizing the Georgia Railroad & Banking Company to "rent or farm out all or any part of their exclusive right of transportation or conveyance," but in view of the character and general subject-matter of the bill and answer, I do not find the answer to be so insufficient or impertinent as to justify striking it on exception.

[4] The exception which is most strenuously urged is to that part of the answer succeeding paragraph 23. That portion of the answer sets up that if the entire property taken over and operated by the complainant companies, under the lease, is not subject to ad valorem taxation, certain specific items of property are so subject. As to some of these items there is no dispute whatever between the parties. These need not be mentioned.

It is claimed, first, that the proceeds of certain bonds issued by the Georgia Railroad & Banking Company, and still outstanding, from which it realized, and invested in the property afterwards leased to complainants, the sum of $2,500,000, is not its stock and not exempt from taxation. It is further set up in the answer that the value of this $2,500,000 of railroad property was, at the time of the lease, and still is, taxable even against the Georgia Railroad & Banking Company, and a fortiori against complainants.

There is also the general claim that the effect of the 99-year lease from the Georgia Railroad & Banking Company to the complainants was to vest an estate in the property in the lessee companies, and that estate is subject to taxation.

It is further claimed in the answer that the railroads as leased were laid with light iron, unballasted, with deficient depots and terminals, and since the lease that these lessees and their predecessors have made large additions and improvements; that additional right of way has been acquired, additional side tracks laid, and new stations established; that the main tracks have been relaid with steel of nearly double the weight of the former rails, and much better ballasted, new steel bridges erected instead of the former wooden ones; that all these additions and improvements have been made with the funds of the complainants and for their advantage and benefit in the enjoyment of their lease-hold estate; that the Georgia Railroad & Banking Company has paid nothing towards these improvements, and gets no increased consideration therefor, and should any remain at the end of the lease it would, under the terms of the lease, have to make compensation for and purchase the same; that the present values are the property of complainants, and the increased value of said railroad by reason thereof is taxable to the lessees; certain extensive improvements made in Augusta and Atlanta are claimed to be especially subject to taxation as against the lessees; also, that a large amount of rolling stock has been purchased by the lessees since their possession of the road, which is of large value, and is the property of complainants and subject to taxation; that the value of certain stocks and bonds mentioned in the assessment exhibits, aggregating $1,348,900, are the stocks and bonds assigned in said lease and now held by complainants. Said stock and said bonds, it is claimed, were not a part of the railroads authorized by the charter of the Georgia Railroad & Banking Company, and do not represent any authorized investment of its stock, but represent some collateral surplus investment. The answer then proceeds in this language:

"Respondent therefore contends that the property assessed is taxable to the lessees, complainants, as a whole; but if he is in error in that contention, that each of the items before designated are taxable to complainants, and that, were it not so, vast sums of taxable wealth would be covered up by an exemption limited to a stock of 'not exceeding four million dollars,' and to the advantage and benefit of persons who had no contract of exemption with the state, and were never intended to be benefited thereby."

The exception to that part of the answer above referred to is that:

"It is neither responsive nor germane to any of the allegations in the bill and it sets up no matter which offers defense or which tends to avoid, in

whole or in part, the averments and charges in the bill of complaint, but this portion of the answer is entirely outside of the cause, and relates to matters and contains averments which bear no relation to the assessment made by the defendant, the attack made upon the assessment by these complainants, and does not directly or remotely effect the relief sought by these complainants. Certain acts of the defendant are charged to be illegal and inequitable by these complainants, and relief from his act in levying the tax assessment referred to in the bill of complaint and annexed to the bill of complaint as an exhibit is sought. The defendant in the portion of the answer now excepted to makes statements which have no reference or bearing upon the assessment in question and offer no reason whatever why these complainants should not be relieved against such assessment, but the portion of the answer excepted to consists of extrinsic matters without relation to the cause, and this portion of the defendant's answer is therefore impertinent."

The assessment of the Comptroller General is:

"The railroad from Barnett to Washington and realty connected therewith at $222,453; the franchise thereof at $1,800; and rolling stock and all other personal property connected therewith at $15,747.

"The railroad from Augusta to Atlanta and from Union Point to Athens, and realty connected therewith, exclusive of terminals separately assessed below, at $6,736,748; the franchise thereof at $2,527,436; and the rolling stock and all other personal property in connection therewith, including stocks and bonds valued at $1,348,900, at $3,891,436.

"The tracks, buildings, and other property at Atlanta known as Atlanta joint terminals, at $2,813,786.

"The tracks and buildings and other property at Augusta known as the Augusta terminals, at $325,000."

The question argued at the bar on the last exception mentioned is whether the defendant may by his answer claim that even if it be determined that certain parts of the property assessed (which would mainly consist of the main line of the road from Augusta to Atlanta and from Union Point to Athens and its equipment, its franchises, depots, etc.) are not subject to taxation, yet certain other things (mainly the proceeds of certain stocks and bonds, the enhanced value of the property in the hands of the lessees by reason of improvements placed thereon by such lessees, and the terminals at Atlanta and Augusta) are subject.

The prayers of the bill are:

"First. That it be adjudged that your orators are not, or either of them, chargeable with taxes or any part of them on the property included in the assessment aforesaid.

"Second. That the said William A. Wright, Comptroller General, be enjoined from proceeding further in charging your orators with the taxes aforesaid and especially from issuing any execution for the collection of the same.

"Third. That your orators may have all other and further relief that the case may require and equity can afford."

It is urged that the assessment made by the Comptroller General is on the property assessed as a whole, that the bill attacks the assessment as a whole, and that the defendant cannot by his answer segregate the property and say that if certain parts of it be not subject to taxation that certain other parts certainly are.

I am unable to agree with this proposition. The view that I entertain of the matter is that if the court is asked to enjoin the collection of taxes assessed against certain property and a portion of the tax

190 F.—17

assessed is a valid and legal tax and part not, the court certainly would not enjoin as to the part which is rightfully assessed and sought to be collected, even if it granted an injunction as against a part of it. And if the collecting officer is proceeding against property which can be separated and certain of the parts so separated are taxable and certain parts are not, the court might, by its decree, distinguish between the parts so subject and the parts not subject and enjoin the collection in accordance therewith.

Where the bill seeks, therefore, to enjoin the collection of the tax as a whole, or any part of it, and the answer sets up, as in this case, that certain items of property are clearly taxable even if the whole is not, it is fairly responsive to the bill. This exception must be overruled.

[5.] The last exception is to the following portion of the answer:

"And respondent avers that the leasehold estate itself of complainants, for a term of seventy years yet, is more valuable than any life estate could be, and worth, in said leased property as improved, a sum of four million dollars, and that the same is in all events taxable to the complainants."

. This appears to raise a question which should be heard on its merits, and it is not subject to exception.

All of the exceptions to the answer are overruled, and the case may be set for hearing on the bill and answer, or, if replication be filed, it may be referred to the standing master to take testimony and report on the issues involved.