## GOSTORFS v. TAAFFE, McCAHILL & CO.

PLAINTIFF sued on a note made by defendants to his order, the complaint not being verified, but setting out the note.   Defendants plead payment.   Plaintiff, on affidavits that the plea was false and plead in bad faith, moved to strike out the answer and for judgment.   Granted: *Held*, that the action of the Court was right; that under the fiftieth section of the Practice Act "sham" answers and defenses are such as are good in form, but false in fact and pleaded in bad faith; and that such answers, when consisting of affirmative defenses, should be stricken out.

*Query*. Whether this section of the Practice Act applies to any but affirmative defenses?

When plaintiff moves on affidavit to strike out a defense as "sham," the affidavit of defendant that his defense is *bona fide* will defeat the motion.

APPEAL from the Twelfth District.

Suit upon a promissory note for $10,400, executed by defendants to the order of plaintiff; the complaint, not verified, but setting out the note.   The motion to strike out having been sustained, judg-

ment was rendered for plaintiff.    Other facts are stated by the Court.    Defendants appeal.

*Currey & Mastick*, for Appellants.

A defendant has an unqualified right to set forth, by answer, as many defenses in bar to the plaintiff's action as he may have; and where the plaintiff's complaint is not verified, no Court has just authority to require the defendant to verify the truth of his answer in such case; nor can a Court lawfully strike out as sham such an answer, unless its objectionable character appears on its face or is apparent from matter *dehors*, of which the Court will take judicial notice.    The striking out, as sham, an answer well pleaded, and in fact relevant, upon proof by affidavits that it is false, is a usurpation of authority and an effectual denial of the right secured to the defendant by the Constitution and laws of the land.    (Prac. Act, sec. 49; Stephens on Pl. 251–259; Arch. Pl. 232; 1 Chitty's Pl. 225, 500, 531, 532; Com. Dig. Pl. E. 2; 7 Bac. Abr. Bouv. ed. 642, K; 10 Johns. 290; 1 Wash. C. C. 446; 7 Wend. 129; 10 Id. 386; Stat. IV and V Anne, Ch. 16, sec. 4, in 1 Evans' Statutes, 231, 232; 5 Bing. 42; 3 Chitty's General Prac. 731, 732, 455–459; 10 East. 237; *Bartly* v. *Godslake*, 2 Barn. & Ald.; 2 Maule & Selw. 606; *Bill* v. *Alexander*, Hilary Term, 1817; *Phillips* v. *Bruce*, 18 Eng. C. L. 155, 156, note *a*; *Idle* v. *Crutch*, Id. 155; *Bones* v. *Bunter*, Id. 162; 2 Barn. & Cress. 81; 1 Bing. 380; *Smith* v. *Rockwell*, 4 Id. 512; *Smith* v. *Hardy*, 8 Id. 435; 3 Chitty's Genl. Pr. 729; *Pierce* v. *Blake*, 2 Salk. 515; 1 Blackf. 347, note; 7 Id. 100; 1 Revised Laws, N. Y., 1813, 519, sec. 10; 2 Revised Stat. N. Y. 277, sec. 23; Graham's Pr. 244; 2 Cow. 634; 4 Id. 47; 6 Id. 34.)    The foregoing English authorities show that the practice of striking out pleas originated in the mischief that arose under the system of *double pleading*, allowed to obviate the difficulties attendant upon the restriction of defendant to a single plea; and that in cases where plaintiff was permitted to sign judgment as for want of a plea, in the case of a single plea pleaded, on the ground that the same was sham, the objection for such cause must appear on the face of the plea, or be apparent to the Court from matter falling legitimately within the judicial cog-

nizance, unaided by extrinsic evidence. And the New York authorities cited are based on similar principles. After the code there seems to be a conflict of opinions. (6 How. Pr. 357; 4 Id. 116, 155; 8 Barb. 75; *People* v. *McCumber*, 18 N. Y. 323, *et seg.;* 3 Sandf. 732; 8 How. Pr. 150; 14 Barb. 395; 7 How. Pr. 171; Pr. Act, sec. 392; Bac. Ab. Pleas, G, 1; 5·Pet. 149; 2 Black. 1312; 8 Term, 278.) The sham defenses meant by our Pr. Act, sec. 50, are: 1st, when it appears on the face of the answer that it is sham; and 2d, when the Court, by reference to matters *dehors* the record of which it can take judicial notice, can determine such to be its character. (*Edson* v. *Dillage*, 8 How. Pr. 273; 1 Bac. Abr. 32; *Brandon* v. *Nesbit*, 6 Term, 23.) The plaintiff having omitted to verify his complaint, the Court cannot require, what the statute does not, an affidavit of the truth of the answer.

*J. B. Harmon*, for Respondent, cited Pr. Act, sec. 50; 18 N. Y. 320; *Piercy* v. *Sabin*, 10 Cal. 29 and cases; 14 Barb. 395; 6 How. Pr. 359; 18 Wend. 566; 1 Chitty's Pl. 541.

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

The question in this case turns upon the construction of that portion of the fiftieth section of the Practice Act relating to sham answers and defenses. The suit was brought upon a promissory note for $10,400, and the only defense set up in the answer was a plea of payment. The Court, on the motion of the plaintiff, based upon affidavits showing the falsity of this plea, and the bad faith of the defendants in pleading it, ordered the answer to be stricken out. The pleadings are not verified, and no issue was taken upon the matters set forth in the affidavits. It is claimed that the order striking out the answer was erroneous, but we think the defendants have no right to complain. The statute provides that sham answers and defenses may be stricken out on motion, and such was undoubtedly the character of the answer in this case. The affidavits show, and the defendants virtually admit, that it was not only untrue, but put in for the sole purpose of delay. On its face it constituted a perfect defense, but it was false in fact, and was interposed in bad faith. This is precisely the kind of an answer to which we under-

stand the statute to refer. " A sham answer," said this Court, in *Piercy* v. *Sabin* (10 Cal. 22) "is one good in form but false in fact, and not pleaded in good faith." The same definition substantially was given by the Court of Appeals of New York in the case of *The People* v. *McCumber*, (18 N. Y. 315). It was suggested, however, that the power to strike out should be carefully exercised, and not extended beyond its just limits. " It is a power," said the Court, " simply to inquire whether there is in fact any question to be tried, and if there is not, but the defense is a plain fiction, to strike out the fictitious defense. Where a defendant, on a motion to strike out his defense as sham, supports it by an affidavit stating specially its grounds, he cannot, as a general rule, be deprived of a trial in the ordinary mode—a case for striking out does not exist." Whether the statute applies to any but affirmative defenses, it is unnecessary to determine ; but there is no doubt that where affirmative matter is falsely pleaded for the purpose of delay, it should be stricken out. We regard the averment of such matter as tendering no issue, and it would simply be trifling with justice to require the adverse party to submit to a trial. If the defense be *bona fide*, the affidavit of the defendant to that effect will be a sufficient answer to any attempt to strike it out.

Judgment affirmed.