ADAMS and others *v.* BRIDGEWATER IRON Co. and others.

(*Circuit Court, D. Massachusetts.* February 26, 1881.)

1. EQUITY PRACTICE—EXCEPTION TO ANSWER.

An answer is not subject to exception because it contains a substantive defence not responsive to a bill in equity.

2. SAME—PLEADING.

"There is no regular authorized mode of pleading, like a demurrer, to test the legal validity of part of an answer; but possibly, on motion, some order might be taken to dispose of part of a case in the first instance, if it should be found that great delay and expense might thereby be avoided."—[ED.

In Equity. Exceptions to Answer.

*Geo. W. Estabrook,* for complainants.

*D. Hall Rice,* for defendants.

LOWELL, C. J. The defendant corporation, by its answer to the bill, makes all the defences usual in a patent suit, and adds that it has received from the plaintiff Adams a release, under seal, of all actions for infringement, if it has committed any. A copy of the release is set out, and the defend-

ants pray to have the same benefit of these facts as if they had been pleaded in bar. The plaintiffs except to the answer on the ground that this release, if given precisely as it is averred to have been given, is insufficient in law to bar the plaintiffs' suit.

A substantive defence, not responsive to the plaintiffs' inquiry in his bill, is not the subject of exception. That form of objection applies only to an insufficient discovery, or to scandal and impertinence.

The plaintiffs intended by their exceptions to procure a hearing upon the validity of this defence as if it were a plea and they had set it down. But it is not a plea. It is part of the answer, and is merely one of several defences. By the thirty-ninth rule in equity a defendant may make a plea part of his answer, and, if he does so, he shall not be compellable to answer more, or otherwise, than if he had filed a regular plea. The defendants have taken no advantage of this rule; they have answered the whole bill fully; and their request to have the same advantage as if they had pleaded the release, has no meaning. As it stands, it is, as I have said, one substantive defence not used by way of plea at all, but by way of alternative answer. It stands precisely like the defence of the statute of limitations, which they also rely on in another part of their answer, and which they might have used by way of plea or demurrer.

Whether the court may not have power to hear such a defence before requiring the whole case to be gone into, is not now the question. There is no regular authorized mode of pleading, like a demurrer, to test the legal validity of part of an answer; but possibly, on motion, some order might be taken to dispose of part of a case in the first instance, if it should be found that great delay and expense might thereby be avoided. I do not decide that point.

Exceptions overruled.