STOKES et al. v. FARNSWORTH.

(Circuit Court, D. Utah.  February 12, 1900.)

No. 327.

1. EQUITY PLEADING—LEAVE TO FILE AMENDED ANSWER—WAIVER OF OBJECTION.
    Where, on the sustaining of exceptions to an answer, an order is made granting the defendant leave generally to file an amended answer, to which order plaintiff consents, he cannot thereafter object that the order did not specify the particular amendment to be made, or authorize an amendment setting up a new defense.

2. SAME—ATTACKING SUFFICIENCY OF ANSWER.
    In equity, a demurrer to an answer is not permitted, nor can the question of the legal sufficiency of the facts averred to constitute a defense to the case made by the bill be presented to the court on exceptions to the answer for impertinence, or on a motion to strike out such defense.

3. SAME.
    A defense pleaded in an answer cannot be stricken out on the ground that it is rambling and verbose.

On motion to take from the files an amended answer, and to strike out a defense therein pleaded.

Dey & Street, for plaintiffs.
Barlow, Ferguson, Pierce, Critchlow & Barrette, for defendant.

MARSHALL, District Judge. Exceptions to defendant's original answer were sustained. Thereafter, leave of court having been obtained, defendant filed an amended answer, setting up a new affirmative defense. The plaintiffs move to take from the files the amended answer, and also to strike out the new defense, on the grounds: (1) That it was irregularly filed, in that no special permission of the court was obtained; (2) that the new defense is impertinent, irrelevant, sham, rambling, and verbose. Was there any irregularity in the making of the amendment of which the plaintiffs can take advantage? The minutes of the court show that on the sustaining of the exceptions to the original answer counsel for the defendant asked leave to file an amended answer, but did not indicate the particular amendments desired. The counsel for the plaintiffs then present consented that leave should be granted, and

an order was thereupon made giving leave to the defendant to file an amended answer. Undoubtedly, a new defense cannot be interposed by a defendant as of course. Such an amendment would ordinarily only be allowed on motion supported by affidavit showing good cause and on notice. The proposed amendment should also be presented to the court, and the order permitting an amendment should specify the amendment permitted. But all of these proceedings may be waived; and where the plaintiffs, as in this case, consent that the defendant may file an answer, amended as he may be advised, it is too late to object upon the filing of the new answer that the leave granted did not specify the particular amendments made. The setting up of a new defense in an answer is a well-settled mode of amending the answer (Eq. Rule 60), and in this case no replication had been filed, nor the cause set down for a hearing upon the bill and answer. If, instead of granting leave to amend, the order had simply directed the defendant to further answer the plaintiffs' bill, an answer specially directed to the matters excepted to, and restricted to supplying the deficiencies found to exist in the first answer, would have been intended. Board of Sup'rs of Fulton Co. v. Mississippi & W. R. Co., 21 Ill. 338. The objection of irregularity cannot be sustained.

2. Under the objection for impertinence the plaintiffs seek to raise the question whether the new defense interposed is in fact a defense to the suit; in other words, to make this motion serve the purposes of a demurrer at common law. A demurrer to an answer in equity is not permitted (Banks v. Manchester, 128 U. S. 244, 9 Sup. Ct. 36, 32 L. Ed. 425), and neither an exception for impertinence nor a motion to expunge is an authorized mode of testing the validity of a substantive defense not responsive to the bill (Adams v. Iron Co. [C. C.] 6 Fed. 179; Grether v. Wright, 23 C. C. A. 498, 75 Fed. 742). Prof. Langdell says:

"As to the defenses in the answer, there is no way of raising immediately and directly the question whether they are good in law or not, there being no demurrer to an answer. If they are not good, the proof of them will be of no avail, and the plaintiff will have the full benefit of his objections at the hearing." Langd. Eq. Pl. (2d Ed.) § 83.

In Shiras, Eq. Prac. § 58, it is said:

"Exceptions to the answer do not perform the office of a demurrer in presenting the question whether the facts averred in the answer constituted a defense to the case made in the bill, and, as it is not permissible to file a demurrer to an answer, if it is desired to submit the case on the questions of law arising on the answer, the only method is by setting down the case for hearing on bill and answer."

There is the practical inconvenience in setting a case down for hearing on bill and answer that the plaintiff thereby admits the truth of the defenses pleaded, but not that they, in point of law, are good defenses. If either the equity of the plaintiffs' bill cannot be proved by the admissions of the answer, or any affirmative defenses therein are held good, the bill must be dismissed. But this inconvenience seems not to have been regarded as sufficient to induce the borrowing from the common law of a demurrer to an answer.

Perhaps the reason is that, if a demurrer was sustained to a de-fense, such defense would be eliminated from the record. No evidence could be taken to support it, and, if an error was committed, the appellate court could make no decree finally disposing of the case, because the evidence would not be before it. Davis v. Cripps, 2 Younge & C. Ch. 443. Of course, there is such a thing as an exception to an answer for impertinence. Eq. Rule 27; Mitf. Eq. Pl. 248; Story, Eq. Pl. §§ 863, 868. It lies under the same circumstances as to a bill. "Impertinence is the same description of fault in pleadings in equity which in those at common law is denominated 'surplusage.'" 1 Daniell, Ch. Prac. 356. An exception for impertinence impliedly admits that there is a proper residue as to which the matter sought to be expunged is surplusage. An entire defense or an entire cause of action cannot be attacked as surplusage. Matter claimed to be impertinent must be considered in relation to the cause of action or defense attempted to be set up. Assuming the cause of action or defense good, is the matter claimed to be impertinent relevant to it? If it is, then the exception must be overruled. The objection that the answer is sham cannot be sustained. "A sham answer is one good in form, but false in fact; one not pleaded in good faith." Piercy v. Sabin, 10 Cal. 22; People v. Mc-Cumber, 18 N. Y. 315; Gostorfs v. Taaffe, 18 Cal. 385; Greenbaum v. Turrill, 57 Cal. 285; Glenn v. Brush, 3 Colo. 26. The answer is not self-stultifying, and there is no fact presented by the defendant's pleadings in this case so inconsistent with it as to justify striking it out. The objection that the entire defense is rambling and verbose is obviously untenable. "An exception for impertinence must be allowed in whole, or not at all." Chapman v. School Dist., Deady, 108, Fed. Cas. No. 2,607; Insurance Co. v. Cokefair, 41 N. J. Eq. 142, 3 Atl. 686; Conway v. Wilson, 44 N. J. Eq. 457, 11 Atl. 734. It follows that the plaintiffs' motion must be denied.