PENNSYLVANIA CO. v. BAY et al.

(Circuit Court, N. D. Illinois, E. D.   June 1, 1905.)

No. 27,261.

1. FEDERAL COURTS—JURISDICTION—DISMISSAL OF BILL.

Under Judiciary Act March 3, 1875, c. 137, § 5, 18 Stat. 472 [U. S. Comp. St. 1901, p. 511], declaring that if in any suit commenced in the Circuit Court it shall appear to the court's satisfaction at any time after the suit has been brought that it does not really and substantially involve a dispute within the court's jurisdiction, the court shall proceed no further, but shall dismiss the suit, it is the duty of the court to stop the proceedings and dismiss a bill, either on objection or on its own motion, whenever and in whatever way it appears that jurisdiction is lacking.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, §§ 897, 898.]

2. SAME.

Where a bill in the federal courts to enjoin the business of buying and selling nontransferable railroad tickets alleged that the value of the business sought to be protected amounted to $5,000, exclusive of interest and costs, such averment would be treated as prima facie true for the purpose of sustaining the court's jurisdiction, notwithstanding an allegation in the answer that the amount in controversy was less than $2,000, until defendant had sustained the burden of affirmatively showing that

the requisite jurisdictional amount was wanting during the progress of the case.

**3. SAME—EQUITY PLEADING—DEMURRER.**

A demurrer to a plea or answer in equity is improper.

**4. SAME—EXCEPTIONS.**

An exception to an answer to a bill in equity for insufficiency only raises the questions whether a sufficient discovery has been made by the defendant, whether the averments have been fully answered, and whether the averments excepted to are scandalous and impertinent, but not whether they are sufficient in point of law.

**5. SAME—INJUNCTION—TICKET BROKERS—DEFENSE.**

Allegations in an answer to a bill to restrain the business of buying and selling nontransferable railroad tickets that complainant was a common carrier, bound to transfer every person at the same rate, and that nontransferable conditions, etc., were void; that complainant had been aware for years of the practice of ticket brokers to buy and sell such tickets; that it had furnished tickets to them for sale; and other facts tending to show a waiver of such nontransferable provisions and laches in the enforcement thereof—were matters admissible under the issues raised by the bill, and were therefore not subject to exceptions.

**6. SAME—TRUSTS—INTERSTATE COMMERCE ACT—SHERMAN ACT—VIOLATION.**

In a suit by a railroad company to restrain a ticket broker from buying and selling nontransferable railroad tickets, an allegation in the answer that complainant was a member of a joint passenger association composed of various competing railroad lines, made for the purpose of preventing competition in violation of the interstate commerce and Sherman acts, and that the alleged nontransferable conditions on such tickets were uniform, and invalid under such acts, was not within the issues presented by the bill, and was therefore subject to exception; the illegality of the combination being a matter which could only be taken advantage of in a direct proceeding.

Geo. Willard and F. R. Babcock, for complainant.

Moses, Rosenthal & Kennedy (Moritz Rosenthal, of counsel), for defendants.

KOHLSAAT, Circuit Judge. This suit is one of 17 similar suits brought by various railroads against the ticket brokers or ticket scalpers of the city of Chicago to enjoin the said defendants, their agents, etc., from buying, selling, dealing in, or in any way using, or procuring persons other than the original purchasers to use, nontransferable tickets, or portions thereof, issued by the said railroad companies. Certain of the defendants have answered the bill. The substantial portions of the bill and answer, so far as they are pertinent to the inquiry now before the court, will hereinafter be set out. Exceptions have been filed by complainant to certain paragraphs of the answer, and the cause has come on for hearing on these exceptions.

Before taking up the matter of the exceptions, however, it is necessary to consider the question of the jurisdiction of the court, a point raised by defendants at this time, and it is urged upon the court that the requisite jurisdictional amount is wanting. The bill avers that the amount involved—that is to say, the value of the business sought to be protected—amounts to the sum of $5,000, exclusive of interest and costs. The answer charges that the amount in controversy is less than $2,000, and therefore not suf-

ficient to confer jurisdiction. Counsel for defendants now insists that, inasmuch as it cannot be determined clearly from the bill what amount is in controversy, proceedings must stop, and the court cannot consider the case further until complainant, by more apt averments in its bill, puts the question of the jurisdiction of the court beyond doubt. And as a basis for this contention counsel points out the fifth section of the judiciary act of March 3, 1875, c. 137, 18 Stat. 472 [U. S. Comp. St. 1901, p. 511], the material part of which is as follows:

"If in any suit commenced in the Circuit Court * * * it shall appear to the satisfaction of said Circuit Court at any time after such suit has been brought * * * that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said Circuit Court, the said Circuit Court shall proceed no further therein, but shall dismiss the suit."

Prior to the act of March 3, 1875, the question of jurisdiction, if apt averments appeared in the pleadings, could be raised only by a plea in abatement, and a plea to the merits was a waiver of the plea in abatement. Farmington v. Pillsbury, 114 U. S. 138, 5 Sup. Ct. 807, 29 L. Ed. 114. The harshness of this rule, which was held to prevent the court, in the absence of such plea, from taking notice of colorable transactions made to give the court jurisdiction, was modified by said act of 1875. This act was held to change the rule so far as to allow the court at any time, even without plea or motion, to stop proceedings, and dismiss the suit, whenever a fraud on its jurisdiction was established. Williams v. Nottawa, 104 U. S. 209, 26 L. Ed. 719; Hartog v. Memory, 116 U. S. 588, 6 Sup. Ct. 521, 29 L. Ed. 725. Later in the case of Morris v. Gilmer, 129 U. S. 326, 9 Sup. Ct. 292, 32 L. Ed. 690, Mr. Justice Harlan, in speaking of this want of jurisdiction, says:

"And the statute does not prescribe any particular mode in which such fact may be brought to the attention of the court. It may be done by affidavits, or the depositions taken in the cause may be used for that purpose."

And still later, in the case of Anderson v. Watts, 138 U. S. 701, 11 Sup. Ct. 449, 34 L. Ed. 1078, the court holds that objection to the jurisdiction may be availed of in the answer. It seems, therefore, that whenever and in whatever way it appears that the jurisdiction of the Circuit Court is lacking, it then becomes the duty of the court under the statute to stop proceedings and dismiss the bill. Before, however, the court takes such a step, a legal certainty of the want of jurisdiction must arise from the facts as they are made to appear on the record. Barry v. Edmunds, 116 U. S. 550, 6 Sup. Ct. 501, 29 L. Ed. 729. That such a certainty as the law requires rarely can be had from an inspection of the pleadings is manifest. The allegation of jurisdictional facts is prima facie true, and the burden of the affirmative averment in a plea in abatement of facts showing such want of jurisdiction is upon the party making such averment. Adams v. Shirk (C. C. A. 7th Cir.) 117 Fed. 801, 55 C. C. A. 25. And it has been held by the Court of Appeals for the Sixth Circuit, in the case of Butchers' & Drovers' Stock Yards Co. v. Louisville & N. R. Co., 67 Fed. 35, 14 C. C. A. 290, that where the

bill alleges damages in excess of $2,000, which allegation is denied by the answer, and no proof as to that fact is offered, the court will not dismiss the bill for want of jurisdiction. As said by the court in the case of Adams v. Shirk, supra, the office of the plea there filed, and of the allegation in the answer now being considered, is but a motion or suggestion to the court to protect itself from imposition. At this time it is impossible to determine the amount in controversy, or to find facts upon which can be based a legal conclusion that the requisite jurisdictional amount is wanting. If at any time, when the proofs are in, or in the progress of the case, it appears affirmatively from the record that the allegations of the bill are false, and that the court has not jurisdiction, the court will, of its own motion, dismiss the suit. The motion of defendants to dismiss the suit for want of jurisdiction will be denied at this time.

Passing now to the exceptions to certain parts and paragraphs of the answer, it must first be inquired as to the scope and purpose of an exception in equity pleading and the proper practice to be observed in relation thereto. A demurrer to a plea or answer is unknown in equity practice. Daniell's Chancery Pleading, p. 542; Grether v. Wright, 75 Fed. 742, 23 C. C. A. 498, and cases therein cited. If the sufficiency of an answer as a defense is to be tested, the case may be set down for hearing on bill and answer. Grether v. Wright, supra; Walker v. Jack, 88 Fed. 576, 31 C. C. A. 462. An exception to an answer for insufficiency raises, therefore, not the question of the sufficiency of the answer in point of law, but the question as to whether a sufficient discovery has been made by the defendant, or the averments fully answered. If such complete answer has been made, exception to new matter therein will not lie for insufficiency. Exceptions to an answer will also lie for scandalous or impertinent matter contained therein. Daniell's Chancery Pleading, p. 759, note; Barrett v. Twin City Power Co. (C. C.) 111 Fed. 45. But not for new matter setting up an affirmative defense to the bill. Adams v. Bridgewater Iron Co. (C. C.) 6 Fed. 179. Impertinent matter has been defined by Judge Simonton in the case of Barrett v. Twin City Power Co., supra, as new matter in an answer which is irrelevant and forms no sufficient ground for defense. "The best rule," says Kent, "to ascertain whether the matter in an answer be impertinent, is to see whether the subject of the allegation could be put in issue or be given in evidence between the parties." The rule, then, seems to be that as to such matters in an answer as are irrelevant to the issues made, and which raise collateral questions not proper to be put in evidence between the parties, an exception for impertinence will lie; but that those matters which, save for the legal insufficiency, would be a defense to the bill, are not open to attack by such exception. Applying the rule to the exceptions in the case at bar which are three in number, I will take them up in the order in which they are made.

1. The first exception is to paragraphs 7 and 8 of the answer. Paragraph 7, in substance, alleges that complainant is a common carrier, charged with the duty of carrying at the same rate to and

from the same points each and every person who desires to be so transported, and that any limitation provided in the railroad ticket to the effect that it is nontransferable, and all conditions restraining the use of said ticket by any other than the original purchaser, are beyond the power of said complainant to impose; that they are without consideration and void; that after the sale of such ticket by the original purchaser thereof said complainant was bound to transport the person to whom it might be transferred, subject only to reasonable rules as to safety and comfort. Paragraph 8 alleges that such tickets are property, and transferable by the owner or holder, and that any provision to the effect that the unused portion of such ticket should become forfeited if used by any person other than the original purchaser, etc., is void. The exception, if sustained, must be on the ground that the foregoing paragraphs are impertinent. But these portions of the answer set up matter clearly within the issues raised by the bill, and are therefore not impertinent. The sufficiency of the defense as a matter of law cannot be considered in this way. The exception is not well taken.

2. The second exception is to the ninth, tenth, and eleventh paragraphs of the answer. These three paragraphs charge that complainant is a member of a passenger association, formed of connecting and competing lines, and that complainant and the other members of said association have unlawfully combined, and still combine and conspire, together to restrain trade and commerce, and to monopolize the same by fixing and maintaining noncompetitive rates; that the tickets set out in the bill of complaint are uniform in terms and conditions as a result of such unlawful agreement, contrary to the Sherman act and interstate commerce act; that the bills herein are filed as a further result of such illegal agreement, to prevent defendants from continuing in business, and to deprive them of the right to follow a lawful occupation. The averments of these matters are elaborate, and are but briefly stated above to indicate the character thereof. Is this a matter of defense admissible under the issues raised by the bill? I think not. Counsel for respondents has endeavored to distinguish this case from the case of Connolly v. Union Sewer Pipe Co., 184 U. S. 540, 22 Sup. Ct. 431, 46 L. Ed. 679, but I am of the opinion that there is no difference in principle between the cases, and that the rule announced by the court in that case is controlling in the case at bar. The bill, if it can be sustained—and upon that point I express no opinion, for the case is not before the court on the merits—must be sustained on the ground of the right of complainant to equitable relief against unwarranted interference by respondents with contracts between the said complainant company and its passengers who have assumed certain obligations with respect to the use of tickets, and which said obligations have been violated, said respondents, through their acts, having made possible and assisted in such violations. Assuming, as is set forth in the answer, that a ticket is issued as a result of such an agreement between the various members of a railway association, I do not understand that it is any defense

to an action for the breach of the contract evidenced by the ticket that the railroad company that issued it is a member of an unlawful combination that is engaged in dictating in what form and for what price the tickets should be issued. , The unlawful combination, if it exists, can be reached under the provisions of the statutes which make such a combination illegal; but only by a direct proceeding. A suit to redress or prevent violation of the ticket contracts is, as said by the court in the Connolly Case, "in no legal sense dependent upon or affected by the alleged illegality of the trust or combination, because the illegality, if any, is entirely collateral to the transaction in question, and the court is not called upon in this action to enforce any contract tainted with illegality, or contrary to public policy." And the Court of Appeals for this circuit, in the case of Dennehy v. McNulta, 86 Fed. 827, 30 C. C. A. 422, 41 L. R. A. 609, said, "Nor can such fact [that a corporation may constitute an unjust monopoly] be invoked collaterally to affect in any manner its independent contract obligations or rights." It seems to me clear, therefore, that if complainant would have a cause of action against respondents to restrain the interference by them with nontransferable tickets issued under special agreement with the purchasers thereof, that such right can in no way be affected or questioned in this proceeding by the fact that complainant is a member of an association which may unlawfully be formed for the purpose of determining under what terms its members shall issue such tickets. See, also, Strait v. Natl. Harrow Co. (C. C.) 51 Fed. 819. The second exception must therefore be sustained.

3. The third exception is taken to paragraphs 12 and 13 of the answer. Paragraph 12 charges that the railroad companies and complainant have been aware for years of the practices of the ticket brokers as to the sale of said tickets; that they have requested respondents to sell such tickets, and have furnished the tickets to them for sale; and sets up further facts tending to show a waiver on the part of the railroad company of the right to insist upon a performance of the terms of the ticket contracts. Paragraph 13 charges facts as tending to show that complainant and other railroad companies have been guilty of laches. The reasons stated on the first exception to the answer above are applicable here. Both paragraphs contain matter of appropriate defense in equity to the bill. The exception is not well taken.

The first and third exceptions are therefore overruled, and the second exception sustained for the reason that the matter contained in the ninth, tenth, and eleventh paragraphs of the answer is impertinent.