Spear, C. J.
It is not contended that the answer interposed by defendant was frivolous, or insufficient in form. Nor is any question made but that the answer tendered an issue and that, as the case *403 stood on petition and answer, the issue thus tendered was a jury issue. A frivolous answer is one that contains no valid defense, one which is insufficient on its face. A sham answer is one good in form, but false in fact, and not pleaded in good faith. The complaint of plaintiff in error is that, in such condition of the pleadings, the answer being perfect in form, the trial court was without power to entertain a motion to strike it off, 'because the defendant had a constitutional right to have his case tried by a jury. And that presents the real question in the case.
The printed record shows that the defendant took a bill of exceptions; that it was filed and notice issued. But 'such bill is not printed, and we do not find it among the original papers, even if its presence there were important, which it is not, because not printed. Nor is there any finding of facts. We are to presume, therefore, in support of the action of the trial court with respect to the motion and the final judgment rendered, that sufficient evidence was adduced to warrant the action of the court, provided there was power in the court to receive and act upon any evidence whatsoever. The striking off on motion of pleadings and papers from the files is recognized by section 5126, Revised Statutes, and is familiar practice in this state. But the precise question involved in this record seems not to have been before this court in any case reported with opinion, although questions of like import have been passed upon in a number of cases in the lower courts, as in the common pleas of Hamilton and Cuyahoga counties, all tending to support the power of *404 the trial court to entertain motions of the character involved in the case at bar. The practice in many of the states is of like character, notably in California, New York, Minnesota, and Indiana, as appears by the authorities cited by counsel, which we need not here repeat. Our statute does not in terms provide, as is provided in the statutes of many states, for the striking off of sham answers. But the authorities cited by the industrious counsel for defendants in error fully support the proposition that the power is inherent and has been exercised from time immemorial as a power existing at common law. And why should such power not exist and why, in a proper case, should it not be exercised? As defined in Gostorfs v. Taaffe, 18 Cal., 385, “it is a power simply to inquire whether there is in fact any question to be tried, and if there is not, but the defense is a plain fiction, to strike out the fictitious defense.” It is objected that the entertaining of such motion deprives defendant of his right to have his case tried by a jury in its regular order and is simply a short cut to a disposition of the case in advance of the other cases on the docket; that to sustain the judgments below would give encouragement to a vicious practice, one leading to vexatious and untimely interference with the due course of justice. But if this objection be a good one as to such motion, why would it not be equally good as applied to a demurrer? If a demurrer to an answer be sustained, it becomes the duty of the court, in actions upon instruments for the payment of money only, to at once render judgment for the plaintiff, unless the defendant *405 satisfies the court that, by amendment, he can present a pleading good in law. Failing this, there simply is no defense, and the plaintiff has a right to a judgment. So, also, as to the motion. It seeks to do by another process what the demurrer has accomplished in the instance stated. It demonstrates, if sustained, that there is no defense. In that situation what is there to try to a jury? Surely nothing, and as surely the defendant has lost no right, constitutional or other; on the contrary, a plain right of the plaintiff has been vindicated and the interests of justice have been subserved. It seems idle, in this day, when the efforts of lawyers, some of them at least of the highest class, are being strenuously exerted in the direction of securing a more speedy administration of justice, to talk about a right of a defendant to stand for months and perhaps years upon a sham defense, thus preventing judgment, a defense which will crumble at the first assault upon it when the case is reached. The very statement of the proposition condemns it. It is simply a bold proposition, the effect of which is to obstruct the due administration of justice.
This conclusion is strengthened when we consider the provisions of our statutes respecting interrogatories and the taking of testimony by deposition. As to the first, a party may annex to his pleading other than a demurrer interrogatories pertinent to the issues, which, unless demurred to, shall be plainly and fully answered under oath by the other party. Such answer may be enforced, and where competent may be used by either party. As to depositions, authority is given to either *406 party to commence taking testimony in that way at any time after service upon the defendant. Such depositions may be used where testimony is required upon a motion, or where the oral examination of a witness is not required, and may be used at any stage of the action or proceeding. All this is in the interest of the speedy administration of justice. Having in mind these provisions for facilitating the administration of justice, how would their use affect a situation like one involved in the case at bar? Let us suppose that the plaintiffs had, after the filing of the answer, taken the deposition of defendant, and, under the fire of sharp examination, he had admitted, clearly and without question, that he did owe the debt just as alleged in the petition. That would be his last declaration on paper and under oath in respect to the issues in the case. The deposition in due time would be filed with the other papers, and there it would lie as a companion to defendant’s answer already filed. Now it is the proposition of the objectors that those two papers, the last in date absolutely destroying the effect in law of the former, must lie there on the files until the cause shall be reached in its regular order. Suppose that to be done, then what? To preserve intact that great constitutional right of the defendant to delay justice a jury is called. The plaintiff thereupon proceeds to offer and read the deposition of the defendant, and rests. The defendant has no proof to offer for the excellent reason that he dare not risk a prosecution for perjury by undertaking to deny his last sworn statement. The plaintiff thereupon asks a directed verdict. Why not? What is *407 there for a jury to consider and decide? Absolutely nothing. The result reached is that, to preserve the defendant’s great constitutional right of delay, the plaintiff has been kept out of his own, for a year more or less it may be, and the result otherwise is precisely the same as it would have been had the sham answer been assailed by a motion at any early stage of the case. And all this in the face of our statute, the spirit of which makes it the duty of courts to disregard technicalities and enforce the substantial rights of the parties without delay.
Complaint is also made that the defendant was not given due notice of either.the motion to strike off the answer or the motion for judgment, and had not opportunity to interpose an amendment to his answer. Here again the printed record utterly fails to bear out the objection. Not only is there no finding of facts by the trial court in the printed record, and no bill of' exceptions, but there is no paper even purporting to be a complete certified transcript of docket and journal entries of the common pleas court. It ought not to be necessary to inform counsel, though it seems to be, that it is necessary, if they desire to raise a question of error in a reviewing court, to present a printed record showing the error complained of.
Our conclusion is that a motion to strike off an answer believed to be a sham answer is proper practice, and that the trial court has power to entertain, hear and determine such motion. It may be proper to add, in order to prevent misunderstanding, that the discretion of the court in such case should be exercised wisely and with discrimination, *408 and such motion sustained only upon such showing upon the part of the plaintiff as leaves no question whatever of the truth and conclusiveness of the plaintiff’s evidence. A situation in which there' is conflict of evidence upon any material point, or admitting of a rational doubt as to the proper order to be made, should result in the overruling of the motion.
There is no error in the judgments below, and they will be

Affirmed.

Davis, Johnson and Donahue, JJ., concur.