business conducted under the name "Coca-Cola" is not entitled to protection at the hands of a court of equity: First, because it shows that in the beginning, and for many years thereafter, the coca of which its compound was in large part made contained the deadly drug cocaine, and the caffeine, which constituted the other main ingredient, was derived mainly, and, indeed, almost exclusively, not from cola nuts, but from tea leaves. Yet the labels with which the preparation was adorned contained pictures of coca leaves and cola nuts, and was widely advertised and sold, first, under the name of "Coca-Cola Syrup & Extract," next as "Coca-Cola Syrup," and finally as "Coca-Cola," as a "valuable brain tonic," an "ideal nerve tonic and stimulant," as a cure of "headache, neuralgia, hysteria, and melancholy," and "of nervous afflictions," under which representations a tremendous consumption was built up, and under which large numbers of the appellee's customers still consume the mixture, although long prior to the bringing of the present suit the drug cocaine was practically eliminated from the drink, and the caffeine, of which it has since been mainly composed, still comes mainly, if not entirely, from other sources than the cola nut. We find such conduct on the part of the appellee to be, in fact, such deceptive, false, fraudulent, and unconscionable conduct as precludes a court of equity from affording it any relief.

Accordingly, under the rule and the decisions of the Supreme Court in the cases of Worden v. California Fig Syrup Co., 187 U. S. 516, 23 Sup. Ct. 161, 47 L. Ed. 282, and United States v. Coca-Cola Co., 241 U. S. 265, 36 Sup. Ct. 573, 60 L. Ed. 995, Ann. Cas. 1917C, 487 (decided subsequent to all the cases upon which the judgment of the court was based), we see no escape from the conclusion that the judgment appealed from must be reversed, and the cause remanded, with directions to the court below to dismiss the bill, at the complainant's cost.

Accordingly it is so ordered.

---

INSURANCE PRESS v. FORD MOTOR CO.

(Circuit Court of Appeals, Second Circuit. November 13, 1918.)

No. 37.

COPYRIGHTS &=87—INFRINGEMENT—DAMAGES.

  Owner of a copyrighted article, reproduced by defendant and circulated 'free in advertising matter without knowledge of complainant's rights, held entitled to a small award of damages for the infringement.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by the Insurance Press against the Ford Motor Company. From the decree, complainant appeals. Affirmed.

The opinion of Augustus N. Hand, District Judge, in the District Court, is as follows:

The defendant printed in a booklet which it circulated among agents and owners of its automobiles an article entitled "Nerve," copyright of which

&=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

belonged to the complainant. This had a large circulation, but was distributed as advertising matter, and not sold, and the publication by the defendant in which the article appeared has now been discontinued. The complainant had sold a few copies of the single article which it had printed, and appears to have made a profit during the first year of the publication of about $260. The complainant waives any right to an accounting for profits, which doubtless could not be established, and seeks to recover for infringement of its copyright under the penal clause of the act.

I think it probable that the defendant was to some extent benefited by the use of the complainant's article, and it is not improbable that the complainant lost some chances to make sales by reason of the large circulation the article had in the automobile trade. While I am satisfied that the defendant was entirely innocent in the publication, and took the article from a copyrighted magazine with the permission of that magazine, nevertheless there was plainly a technical violation of complainant's rights, and I think some damages should be awarded. The amount is undoubtedly speculative, but the case is just one of those cases which I think are intended to be covered by the statute, where no exact amount could ever be worked out under strict rules of evidence upon an accounting. Hendricks Co. v. Thomas Publishing Co., 242 Fed. 37, 154 C. C. A. 629.

I feel reasonably sure that the complainant has suffered a very small amount of damages, and that the defendant has secured a very trifling advantage by the publication of the article in the automobile trade, and under the circumstances, shall award the sum of $250 to the complainant, in addition to costs and a counsel fee of $100.

The decree should also provide for an injunction.

Otis & Otis, of New York City (A. Walker Otis, of New York City, of counsel), for appellant.

Crisp, Randall & Crisp, of New York City (W. Benton Crisp and Cyril F. Dos Passos, both of New York City, of counsel), for appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

PER CURIAM. Decree affirmed.

---

## CUNNINGHAM PIANO CO. v. ÆOLIAN CO.

(Circuit Court of Appeals, Third Circuit. January 31, 1919. Rehearing Denied March 26, 1919.)

No. 2418.

PATENTS ⬤328—VALIDITY AND INFRINGEMENT—PIANO PLAYER.

The Young patent, No. 692,968, for controller for mechanical musical instruments, *held* valid and infringed.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania: Oliver B. Dickinson, Judge.

Suit in equity by the Æolian Company against the Cunningham Piano Company. Decree for complainant, and defendant appeals. Affirmed.

For opinion below, see 251 Fed. 301.

Hector T. Fenton, of Philadelphia, Pa., for appellant.

George D. Beattys, of New York City, and Joseph C. Fraley, of Philadelphia, Pa., for appellee.

Before BUFFINGTON and WOOLLEY, Circuit Judges.

---

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

255 F.—57