PATHÉ EXCHANGE, Inc., v. INTERNA-
TIONAL ALLIANCE OF THEATRICAL
STAGE EMPLOYEES AND MOVING PIC-
TURE MACHINE OPERATORS OF THE
UNITED STATES AND CANADA, LOCAL
NO. 306, et al.

District Court, S. D. New York.

Dec. 5, 1932.

64

Lewis A. R. Innerarity, for plaintiff.

Ornstein & Silverman, of New York City, and Deiches, Kaufman & Bernson, for defendants.

CAFFEY, District Judge.

These cases were argued November 4 and 11. On the former date I sustained the motions in part, with leave to the defendants to amend. This was on condition that the motions should be deemed addressed to the amended answers. They have been so treated by the parties. The intention was (as I understood) that the court presently dispose of all the questions discussed, without regard to the technical phraseology of the notices of motion. The briefs submitted by both sides are framed on that assumption.

The motions, in essence, are: (1) To strike out the defense; (2) to strike out certain answers to interrogatories; (3) to strike out the answers of Local 306 and Kaplan in the first case (E. 66/1); (4) to strike out the answers of all the defendants in the second case (E. 67/101); (5) for a decree against the Amusement Corporation on its answer in the first case; (6) for decrees against the other defendants in the first case; and (7) for decrees against all the defendants in the second case.

A single affirmative defense is set up in both cases. In substance this is that "none of the alleged copyrighted motion pictures" of the complainant are "founded upon existing dramas or dramatizations of literary productions in which copyrights subsist." If it be good, then the bills on their face are without equity. If, as matter of law, a copyright owner of such articles as are involved be not entitled to the protection of the copyright statute against unauthorized performances except when its copyrights relate exclusively to copyrighted "dramas or dramatizations of literary productions," then no cause of action is stated in either bill.

The precise issue, as above stated, presented by the defense has been previously raised by the defendants and has already been passed on by this court. The defendants moved to dismiss the bills, because of failure to state a cause of action, relying on Metro-Goldwyn-Mayer D. Corp. v. Bijou Theatre Co. (C. C. A.) 59 F.(2d) 70. The motions were fully argued and were denied. That ruling settles the law of the cases. It is binding on me, and, if the cases were sent to trial before another judge, would bind him. Commercial Union of America v. Anglo-South American Bank (C. C. A.) 10 F. (2d) 937.

That the previous determination was squarely on the merits, that the defendants rested on the identical proposition now advanced by them, and that the conclusion was adverse to that proposition, is manifest from the papers. Indeed, it is sufficiently shown by the memorandum alone of Judge Bondy under date of June 27, 1932, indorsed on the cover of the notice of motion in the first case and made applicable to the second case, as

follows: "The amended bill of complaint complies with the requirement that facts be alleged showing performance of conditions precedent to a copyright. For the reasons fully discussed in Tiffany Productions, Inc., v. Dewing (D. C.) 50 F.(2d) 911, Cf. Metro-Goldwyn-Mayer Distributing Corp. v. Bijou Theatre Co., 59 F.(2d) 70, decided April 7, 1932, Cir. Ct. of Appeals for the First Dist., the motion is denied."

I have examined the amended answers to the interrogatories. They appear to be directly responsive. I see no ground, therefore, for striking them out. Whether there are other defects is not brought before me by the notices of motions.

In paragraph 2 of its answer, the Amusement Corporation admits that it gave exhibitions of motion picture photoplays as alleged in paragraph 2 of the bill. Paragraph 5 of the answer is somewhat equivocal. It is so narrowly phrased that it leaves room for controversy as to whether it really does deny, and hence whether, under Equity Rule 30 (28 USCA § 723), it must be taken to admit, the issuance to and ownership by the complainant of the copyrights of the motion picture photoplays described in paragraph 6 of the bill. Cf. Grant v. Leach & Co., 280 U. S. 351, 357, 358, 50 S. Ct. 107, 74 L. Ed. 470; Victor G. Bloede Co. of Baltimore City v. Carter (C. C.) 148 F. 127, 129. For a reason appearing later, however, I do not find it necessary to decide, and I do not decide, the point. Paragraph 6 of the answer admits exhibition of some of the photoplays, as charged in paragraph 7 of the bill. If paragraph 5 of the answer were deemed an admission, it would seem, therefore, that the Amusement Corporation confesses infringement, unless there be something else in the answer which exempts from what would otherwise be an infringement shown by the pleadings themselves.

The sole bases for a claim to be excused that I discover are: (a) Alleged lack of knowledge of the rights of the complainant; (b) alleged absence of purpose to profit by the exhibitions; and (c) alleged procurement of the motion pictures from a person or persons who theretofore had been authorized by the complainant to sell or lease them for exhibition.

█ It is not essential to the existence of infringement that there be intention to infringe or that the exhibition be for profit. Cf. Fishel v. Lueckel (C. C.) 53 F. 499; Stern v. Jerome H. Remick & Co. (C. C.) 175 F. 282; Hein v. Harris (C. C. A.) 183 F. 107; Insurance Press v. Ford Motor Co. (C. C.

A.) 255 F. 896; M. Witmark & Sons v. Calloway (D. C.) 22 F.(2d) 412.

█ It may well be that an exhibitor would be innocent if he held a sublicense issued by a licensee upon due authority from the copyright owner. The question is whether the Amusement Corporation by allegations brings itself within the class of such a sublicensee. It is said that the motion pictures were obtained from a person or persons who "obtained the license, consent and authority of the complainant herein to sell or lease such motion pictures for public exhibition or to publicly exhibit the same." It is not squarely asserted that the defendant purchased or leased the pictures from one having authority from the complainant to sell or lease them. The answer is also silent as to how the defendant "obtained" the pictures or what was the transaction or the nature of the transaction between the defendant and some one else in regard to the matter. The pleading may therefore be open to attack under Equity Rule 20 (28 USCA § 723); but I do not think it can be properly said that it leaves no issue for trial.

█ The answer of Local 306 shows that the Amusement Corporation was merely its instrumentality in doing the things which the answer of Local 306 admits were done in the same way as admitted by the answer of the Amusement Corporation. The answer of Kaplan admits that he was the president of Local 306, and fails to show that the Amusement Corporation was not the instrumentality of Local 306. Accordingly, I feel that, if the Amusement Corporation be guilty of infringement as charged in the bill, so also are the other defendants.

█ The mere denial of conspiracy or collusion is not enough. On the hypothesis stated, it would be enough that, as is alleged in paragraphs 3 and 4 of the bill and, by failure to deny, is admitted in paragraphs 3 and 4 of their answers, Local 306 and Kaplan aided and abetted the Amusement Corporation in the commission of the acts of infringement. Inasmuch, however, as the case must go to trial as to the Amusement Corporation, so also it must be tried as to Local 306 and Kaplan.

█ At the argument it was made clear, and I believe was undisputed, that, if there was infringement, all the defendants were joint tort-feasors. On that account, if there were to be recovery against one, I think, so far as there has yet been any showing, it ought to be the same against all—without any increase of the money award because of the

number of those engaged in the infringement. What was said at the oral argument, however, is not of record. Neither can I treat as before me affidavits on behalf of the complainant, because, among other things, they were not specified in the notices of motion.

The shifting evinced by the defendants in their several sets of answers to the bills and to the interrogatories excites strong suspicion. Nevertheless, in my view, that is not enough to warrant a decree at this stage, without affording opportunity for a plenary trial. I was so much impressed, however, by the statements of counsel for the defendants themselves, that (apart from the special defense, which I had not then examined) there probably is no defense on the facts to either suit that I think denial of any of the pending motions should be without prejudice to renewal on documents or affidavits. Cf. Stokes v. Farnsworth (C. C.) 99 F. 836, 838.

In the second case, while several of the above criticisms apply, I think the denials in paragraphs 6 and 10 of the amended answers, though incomplete, are sufficient to require a trial on the facts.

Motion to strike out the defense granted; other motions denied. Settle orders on two days' notice.